## THE CONNECTICUT LIGHT AND POWER COMPANY *vs.* THE TOWN OF SOUTHBURY ET ALS.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Chapter 217 of the Public Acts of 1919 provided, in effect, for the discontinuance of a portion of the River Road so-called, in the towns of Oxford and Southbury, and its flooding by the plaintiff, after a judge of the Superior Court had found the fair and reasonable value of the land occupied by said road, together with the improvements thereon, and the plaintiff had paid that sum to the treasurer of the State and had also filed a bond with the secretary of the State for an amount sufficient in the opinion of said judge to indemnify the State and the aforesaid towns for all damages suffered by any one from the discontinuance of such portion of the River Road. *Held:*—

1. That a request for a finding on these matters in the body of the plaintiff's petition was sufficient, and need not be repeated in a formal prayer for relief.

2. That a written direction by the judge to the petitioner to pay the State treasurer the value of the land as ascertained by him, and to file the bond for a stated amount with the secretary of State, as provided in the statute, constituted in effect the decision or sentence of the tribunal, which might find its appropriate expression in the form of a judgment.

3. That the ascertainment of the value of the land occupied by the highway and of the proper amount to be inserted in a bond of indemnity, and the issuance of mandates requiring the petitioner to comply with the provisions of the statute when thus made certain and specific, lay clearly within the field of judicial powers or functions which the General Assembly might constitutionally impose upon the judicial department of the government.

4. That the final clause of the statute which authorized the petitioner— after compliance with the statutory requirements—to flood the discontinued portion of the River Road, must be read in connection with the terms of its charter which permitted it to take private property upon paying just compensation; and therefore that the statute did not intend or attempt to confiscate the private rights of abutting landowners, which were not prejudiced or impaired by the statutory proceeding.

Only members of the class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional.

A town is merely the agent of the State with respect to the highways within its limits, and therefore when the State itself discontinues a certain road as a highway, the subject-matter of that special agency has disappeared and the dependent rights and obligations of the town are gone. But the town, as a municipal corporation, does not represent the property-rights of its inhabitants, and has no authority to assert or to put them in jeopardy in such a proceeding as that prescribed in Chapter 217 of the Public Acts of 1919.

Courts are bound to reconcile a legislative Act with the Constitution if that can reasonably be done, for it is to be presumed that the legislature intended the Act to so operate.

Argued June 2d—decided July 20th, 1920.

PETITION under Chapter 217 of the Public Acts of 1919 for the discontinuance of a portion of a certain highway in the towns of Southbury and Oxford, which would be overflowed by the water set back by the petitioner's dam across the Housatonic River, brought to and heard by the *Hon. Lucien F. Burpee*, a judge of the Superior Court; facts found and judgment rendered for the petitioner, and appeal by the defendant town of Southbury. *No error.*

Chapter 217 of the Public Acts of 1919 provides, in effect, that the portion of the River Road extending from a point near Zoar Bridge in the town of Oxford, to a point near Bennett's Bridge in the town of Southbury, may be discontinued, provided the Connecticut Light and Power Company shall, within three months after the passage of the Act, bring its petition to a judge of the Superior Court for a finding of the fair and reasonable value of the land and improvements thereon, occupied by the above described portion of that highway. Thereupon the judge is directed to order a time and place of hearing, and to cause notice to be given to the State highway commissioner and to the towns, and, after hearing, to direct the petitioner to pay the ascertained value of the land and improvements to the State treasurer, to be held for expenditure

by the highway commissioner in the possible construction of a trunk-line road through the locality now served by the River Road. The judge is also to direct the company to give a sufficient bond to indemnify the State and the towns from all claims for damages on account of the discontinuance of the road. On the payment of the ascertained amount to the State treasurer and the filing of a sufficient bond, "such portion of said River road shall be for all purposes discontinued, and said company may thereupon flood the same or any portion thereof." Other provisions of the Act are not of importance in this case.

The Act was approved May 6th, 1919, and within the time limited this petition was brought for a finding of the value of the land occupied by the described portion of the River Road, and of the amount of the bond to be required of the petitioner, and for an order of notice of the time and place of hearing. Notice was given. The judge found the value of the land to be $10,000, and that a bond in the amount of $10,000 was sufficient.

The town of Southbury appeals from the judgment, on the ground that the Act is unconstitutional and because the judgment does not conform to the pleadings and proofs.

*Nathaniel R. Bronson* and *John H. Cassidy*, for the appellant (respondent Town of Southbury).

*Walter E. Monagan*, with whom was *Terrence F. Carmody*, for the appellee (petitioner).

BEACH, J. We think the judgment is not erroneous in form. The petition follows the statute in asking for a finding of the value of the land occupied by the River Road within the described limits, and the amount of a bond which should be sufficient to indemnify the State and the respondent towns. Having once preferred

these requests in the body of the petition, there was no necessity for repeating them in a formal prayer for relief. The statute directs that the trial judge "shall in writing direct said company to pay to the treasurer of the State" the ascertained value of the land, and "shall also direct said company to file with the secretary of the State a bond," etc. There is no express direction for the entry of a judgment to that effect, but these provisions of the statute are satisfied when the written direction, which is in effect the decision or sentence of the tribunal, is put into the form of a judgment; and having regard to the necessity for a final and conclusive and enforcible record of the findings of the judge, we do not see in what more appropriate form they could have been embodied. "When judicial authority is vested by statute in a judge of the Superior Court, its exercise at chambers is an exercise of the judicial authority of that court." *Cogswell* v. *Second National Bank*, 76 Conn. 252, 257, 56 Atl. 574; *New Milford Water Co.* v. *Watson*, 75 Conn. 237, 241, 52 Atl. 947, 53 id. 57.

The constitutionality of the Act is challenged on the ground that it attempts to confer extra judicial powers on a judge of the Superior Court, and on the ground that it attempts to take private property for a public use without just compensation. In another proceeding between the same parties, *ante*, p. 88, we have just considered these objections as applied to Chapter 205 of the Public Acts of 1919, which relates to the same subject of flooding highways by dams, and we will not repeat what was there said. It is enough to say that the powers conferred on the judges of the Superior Court by Chapter 217 are much narrower than those which we have held were constitutionally conferred upon them by Chapter 205. Under the Act now in question the General Assembly itself has discontinued the River Road within the described limits, and has

itself prescribed the terms and conditions of such discontinuance, leaving to the judges only the ascertainment of the value of the land occupied by the highway, the sufficiency in amount of a bond of indemnity, whose every other term is prescribed by the Act, and the issuance of mandates requiring the petitioner to comply with the provisions of the statute when thus made certain and specific by the findings of the judge. It cannot successfully be contended that these are extra judicial powers or functions, and the only debateable issue as to the constitutionality of the Act arises under the other claim, that the statute attempts to take private property for a public use without making any provision for just compensation before taking it.

The final clause of § 1 of the Act prescribes that upon the payment of the ascertained value of the land occupied by the highway "to the treasurer, and the filing of said bond in the manner hereinbefore prescribed, such portion of said River road shall be for all purposes discontinued, and said company may thereupon flood the same or any portion thereof." When these prerequisite conditions have been performed, this language on its face appears to authorize the immediate flooding of the highway, whether or not the abutting owners have been compensated or provision made for compensating them.

It might be said that the respondent town is in no position to complain, for the law is well settled that only members of the class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional; and the town has no rights of property, private or otherwise, in the highway. Its powers and duties as custodian of highways are conferred upon it by the State whose agent it is, and when the State discontinues the River Road as a highway, the subject-matter of that special agency has disappeared and the

dependent rights and obligations of the town are gone. Regarding the town in its capacity as a municipal corporation, it does not represent the property rights of its inhabitants, and has no authority to assert them or put them in jeopardy in this action.

This statute does, however, affect a limited class of property owners whose constitutional rights are indisputable. The petitioner does not dispute them. It agrees that it is bound by its charter to pay all damages to private property caused by the flooding of the highway, and as we have no doubt that such is the law, there seems to be no reason why we should not put the question at rest.

It is our duty to construe the Act so as to reconcile it with the Constitution, if that can reasonably be done, for it must be presumed that the General Assembly intended it to so operate. This result is accomplished if we read the Act in connection with the charter of the company for whose benefit it was passed. The General Assembly had a right to discontinue the highway on such terms as it might impose. It had already by special charter authorized the petitioner to take private property upon the only constitutionally possible terms of paying just compensation therefor. And there is no just reason for supposing that by the last clause of § 1 it intended to exceed its powers and to attempt to authorize the corporation to take private property without compensation. The fact that only the State highway commissioner and the respondent towns were to be notified of the time and place of hearing, indicates that no confiscation of private rights was intended; and when it further appears that all rights of private ownership were already safeguarded by the petitioner's charter, this inference becomes irresistible.

There is no error.

In this opinion the other judges concurred.