FRANK S. McGEE ET AL. v. FRANCIS P. DUNNIGAN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 5—decided July 17, 1951

*James J. A. Daly* and *Daniel E. Brennan, Jr.*, for the appellant (named plaintiff).

*Paul H. Cullinan*, pro se and for the plaintiff Michael C. Gadus, joined in the appellant's brief.

*John V. Donnelly*, for the appellees (defendants Shenton et al.).

*Louis Weinstein*, assistant attorney general, with whom, on the brief, was *George C. Conway*, attorney general, for the appellees (defendants Engelman et al.).

JENNINGS, J. The plaintiffs seek a declaratory judgment. Their claims are numerous but basically they ask a determination of the right of the Bridgeport board of education to expend the state subsidy for education in addition to the amount appropriated for education by the board of finance from the city's general funds. The brief finding is not attacked but the defendants seek to supplement it by the addition of thirty-six paragraphs of their counterfinding. No additions to the finding are necessary to present the decisive issue on appeal.

The three plaintiffs are residents, voters, taxpayers and members of the board of education in the city of Bridgeport. The defendants are the four remaining members of the board of education and various state

and city officials charged with the duty of supervision over finances. In August, 1947, and annually thereafter, the city board of education applied to the state board of education for aid under Public Acts, 1947, No. 402 (Sup. 1947, §§ 237i-240i; Rev. 1949, §§ 1576-1579). It was stated in the finding that amounts to be received under this grant during the municipal fiscal year commencing April 1, 1950, would aggregate approximately $578,000 and, in conformity with the present practice, would be deposited in the city's general funds; and that the defendant city comptroller would refuse to certify, and the defendant city treasurer to disburse upon, any requisition by the board of education if such requested disbursement exceeded the appropriation for education made by the city for the fiscal year, even though the requested disbursement did not exceed that appropriation plus state aid received during that year. To illustrate the matter concretely, it is not disputed that the city appropriated and spent for educational purposes approximately $3,483,000 for 1949-1950 and that the state grant for the same period was approximately $576,000. The comptroller would certify no requisition above $3,483,000. The plaintiffs claim that they are entitled to a declaratory judgment which would authorize the board of education to expend the state grant of $576,000 in addition to the city appropriation of $3,483,000. Their brief is a mine of information on the educational history and policy of the state from the earliest times.

To test the right of the plaintiffs to maintain this action, it is necessary to examine the precise grounds on which it is based. The essential question posed by the complaint is whether Bridgeport should have spent an additional half million dollars on its schools. This is an important question of policy and depends in part on a construction of the relevant statutes, but it is not one

which will affect the plaintiffs in any substantial way. In fact, if the plaintiffs' contention were upheld, the only practical effect on them, so far as appears, would be to increase their taxes. The Connecticut declaratory judgment statute, General Statutes, Sup. 1949, § 644a, and the rules implementing it, Practice Book, § § 249-253,[1] have been said to be extremely broad and liberal in their provisions. *Sigal* v. *Wise*, 114 Conn. 297, 301, 158 A. 891. No Connecticut case has been found, however, supporting the thesis that a taxpayer can seek to have a statute construed where the effect of that construction does not affect his personal rights. *Charter Oak Council, Inc.* v. *New Hartford*, 121 Conn. 466, 475, 185 A. 575, is a good illustration of a situation which entitles a taxpayer to such a judgment.

In *Board of Education of Stamford* v. *Board of Finance*, 127 Conn. 345, 16 A. 2d 601, on the other hand, it was held that as to all but one of the numerous issues raised the parties were not entitled to a judg-

---

[1] Sec. 249. SCOPE. The Superior Court will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future.

Sec. 250. CONDITIONS. The Superior Court will not render declaratory judgments:

(a) Upon the complaint of any person unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations;

or (b) unless there is an actual, *bona fide* and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties;

or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure;

or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.

ment. The case concerned the respective powers and responsibilities of the two boards. The importance of this holding is emphasized because the parties were two official boards, while the case at bar is a so-called taxpayer's suit. The board of education, which would seem to have the greatest interest in the matter, is not a party as such. In fact, among the defendants are a majority of the board. The matter is fully discussed in the *Stamford* case on pages 347-349. This discussion is so apposite to the issues in the case at bar that it would be quoted in full if space limitations permitted. It starts as follows: "We have hesitated whether we ought to entertain this appeal at all. The authority given to the courts of this state by the legislature to render declaratory judgments was not intended to broaden their function so as to include issues which would not be such as could be determined by the courts in ordinary actions. One of the conditions for rendering a declaratory judgment is that the person seeking it must have an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations. Practice Book, § 250. The controversy between the boards falls rather within the political aspects of government than the judicial. The town is seeking no relief. No contract or property rights of either of the boards and no contract, property or personal rights of any of their members as such will be affected by the decision; no justiciable right is involved." The opinion goes on to say (p. 348) that the passage of time has made the issues academic and that if the contractual rights of any person are affected the presence of that person as a party would be essential under the rule.

The mere statement of this principle is sufficient to refute the claim of the plaintiffs to the relief sought. They have no standing to raise the question. Borchard,

Declaratory Judgments, p. 50. There is, as to them, no justiciable issue.

This conclusion appears to conform to the weight of authority.[1] The danger of allowing taxpayers' suits of this character without limitation is cogently pointed out in *Bryant* v. *Logan,* 56 W. Va. 141, 142, 49 S. E. 21. There must be an issue in dispute or an uncertainty of legal relations "which requires settlement between the parties." Practice Book § 250 (b). An action does not lie merely to secure advice on the law. *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227, 241, 57 S. Ct. 461, 81 L. Ed. 617; Anderson, Declaratory Judgments, p. 44 et seq.; see also *Lovell* v. *Stratford,* 7 Conn. Sup. 255; *Sigal* v. *Wise,* 114 Conn. 297, 302, 158 A. 891; *Jefferson County ex rel. Coleman* v. *Chilton,* 236 Ky. 614, 620, 33 S. W. 2d 601.

The brief of the defendants asserts that the issue as to the plaintiffs' being entitled to maintain an action for a declaratory judgment was raised in the court below, but the finding does not support this statement. Be that as it may, since the question goes to the jurisdiction of the court to entertain the action it may be raised at any time. *In re Application of Smith,* 133 Conn. 6, 8, 47 A. 2d 521; *Seiz* v. *Citizens Pure Ice Co.,* 207 Minn. 277, 281, 290 N. W. 802. "In an action for a declaratory judgment, we are not limited by the issues joined,

---

[1] While the relevant statutes differ, the following cases illustrate in various ways what will not be considered a justiciable issue: *Coleman* v. *Miller,* 307 U. S. 433, 460, 59 S. Ct. 972, 83 L. Ed. 1385, 122 A. L. R. 695 (concurring opinion); *Monahan* v. *Department of Water & Power,* 48 Cal. App. 2d 746, 751, 120 P. 2d 730; *Dietz* v. *Zimmer,* 231 Ky. 546, 21 S. W. 2d 999; *Seiz* v. *Citizens Pure Ice Co.,* 207 Minn. 277, 290 N. W. 802; *State ex rel. LaFollette* v. *Dammann,* 220 Wis. 17, 264 N. W. 627; *State ex rel. Chilcutt* v. *Thatch,* 359 Mo. 122, 221 S. W. 2d 172; *Ohio Casualty Ins. Co.* v. *Marr,* 98 F. 2d·973, 976; *International Harvest Hat Co.* v. *Caradine Hat Co.,* 17 F. Sup. 79, 80; see note, Ann. Cas. 1913C 884; 52 Am. Jur. 2; note, 87 A. L. R. 1205.

or by the claims of counsel." *Stueck* v. *G. C. Murphy Co.,* 107 Conn. 656, 661, 142 A. 301; *Adams* v. *Walla Walla,* 196 Wash. 268, 271, 82 P. 2d 584. For the reasons stated, the plaintiffs had no standing in court, and the case should have been dismissed by the trial court of its own motion. *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A. 2d 847; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A. 2d 81. The plaintiffs are not entitled to an injunction for the same reason that they are not entitled to a declaratory judgment.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the action, with costs to the defendants.

In this opinion the other judges concurred.