HARRY LIEBESKIND ET AL. *v.* CITY OF WATERBURY

BALDWIN, O'SULLIVAN, DALY, BORDON and MOLLOY, Js.

Argued January 6—decided February 23, 1955

*J. Warren Upson,* with whom was *Kenyon W. Greene,* for the plaintiffs.

*George J. Crocicchia,* corporation counsel, with whom, on the brief, was *Philip N. Bernstein,* assistant corporation counsel, for the defendant.

O'SULLIVAN, J. For the purposes of this reservation the parties have stipulated as follows: The plaintiffs are residents and taxpayers of the defendant city and operate stores in its central mercantile area. The defendant presently is, and for some time past has been, acting under powers conferred by

Special Act No. 346, passed in 1947. 25 Spec. Laws 545. By virtue of that enactment, the city was authorized to plan, establish and maintain off-street parking facilities and to finance such projects in certain designated ways. In 1949 and again in 1953, the General Assembly authorized the city to issue parking lot bonds, in the aggregate amount of $100,000 in each instance. 25 Spec. Laws 1265, § 1; 26 Spec. Laws 804, § 1. The defendant has spent, in acquiring parking facilities, practically all of the moneys received from the sale of the first issue. The proceeds from the sale of the second, however, are on hand and intact. All of these bonds are general obligations of the defendant and are entitled to full faith and credit as such.

In 1953, the General Assembly enacted Public Act No. 157, which now appears as §§ 223c to 232c, inclusive, of the 1953 Cumulative Supplement to the General Statutes. This act empowers any municipality, through its own legislative body, to create a parking authority consisting of five individuals appointed by the chief executive officer of the municipality and vested with the powers and duties enumerated in the act. Provisions for the financing and management of parking facilities are also included.

The board of aldermen is the legislative body of the defendant city. On August 2, 1954, the board adopted a resolution empowering the mayor to appoint a parking authority for the city in accordance with the provisions of the 1953 public act. Subsequently, counsel for the city recommended rescission of the vote on the ground that the establishment and maintenance of off-street parking had already been authorized under the special act of 1947. The city is now preparing to act under that special act, al-

though it has been advised by the plaintiffs that parking facilities should be created and maintained by a parking authority in conformity with the public act of 1953.

The complaint, after alleging the existence of substantial uncertainty in the legal relations between the plaintiffs and the city, propounds twelve questions, the answers to which follow upon the determination of three issues.[1]

An action for a declaratory judgment, valuable as it has become in modern practice, is not a procedural panacea for use on all occasions. The pertinent part of the rule provides that the court will not render a declaratory judgment upon the complaint of a person "unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or . . . unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties." Practice Book § 277. These provisions are the equivalent of saying that an action for a declaratory judgment may be employed only in solving a justiciable controversy. *Board of Education* v. *Board of Finance,* 127 Conn. 345, 347, 16 A.2d 601; see *Swiss Cleaners, Inc.* v. *Danaher,* 129 Conn. 338, 346, 27 A.2d 806. There can be no such controversy if the interests

---

[1] (1) Does the 1947 special act, No. 346, providing for municipal off-street parking in the city of Waterbury, preclude the city from establishing a parking authority pursuant to the provisions of the 1953 public act, No. 157? (2) If the foregoing issue is decided in the negative and such a parking authority is established, can the city of Waterbury still act under the 1947 special act, No. 346? (3) If it be held that the city of Waterbury can create a parking authority under the 1953 public act, No. 157, and can also still proceed under the 1947 special act, No. 346, what is the interrelation between the two acts?

of the parties are not adverse. *Aetna Life Ins. Co.* v. *Haworth,* 300 U.S. 227, 240, 27 S. Ct. 461, 81 L. Ed. 617. It necessarily follows that, upon the pleadings and the stipulated facts, there is no justiciable controversy in the present case, since the defendant's course of conduct, whatever it may turn out to be, will not place the plaintiffs' rights in jeopardy. *Miller* v. *Stolinski,* 149 Neb. 679, 684, 32 N.W.2d 199; 1 Anderson, Declaratory Judgments (2d Ed.) § 9.

The plaintiffs have no standing to obtain the relief sought, since they have no interests adverse to those of the defendant. *McGee* v. *Dunnigan,* 138 Conn. 263, 266, 83 A.2d 491; Borchard, Declaratory Judgments (2d Ed.) pp. 50, 76. Their status is that of residents and taxpayers of the defendant city. There is nothing in the stipulation of facts even to suggest how they will be affected, legally or equitably, if either of the two acts, that is, the public act and the special act, is pursued in preference to the other. No Connecticut case to which our attention has been called, or which we have found, supports the thesis that a resident or taxpayer can seek the construction of legislative enactments where the effect of that construction will not affect his personal rights. *McGee* v. *Dunnigan,* supra.

No question was raised in the pleadings, in the court below or here, as to the propriety of the action. That, however, is of no materiality since the question goes to jurisdiction. The parties cannot, either by their silence or by their agreement, confer jurisdiction of the subject matter of an action. *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 331, 133 A. 99. The case should have been dismissed by the trial court suo motu. *Willard* v. *West Hartford,* 135 Conn. 303, 306, 63 A.2d 847. For the foregoing

reasons, we refuse to answer the questions reserved. No costs will be taxed in this court to either party. In this opinion the other judges concurred.