FRANCIS E. COYLE, JR., ET AL. v. THE HOUSING AUTHORITY OF THE CITY OF DANBURY ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

422

Argued January 8—decided February 25, 1964

*Harry Cohen,* for the appellants (plaintiffs).

*T. Clark Hull,* with whom, on the brief, was *Richard L. Nahley,* for the appellee (named defendant).

*Morton I. Riefberg,* for the appellee (defendant city of Danbury).

MURPHY, J. The General Assembly in 1949 enacted Special Act No. 30, which provided that the "city limits of the city of Danbury shall include any land in the town of Danbury purchased by the Housing Authority of the city of Danbury for the purpose of erecting housing units." 25 Spec. Laws 839. In 1962, the city housing authority acquired an option to purchase a tract of land, located in the town outside the territorial limits of the city, on which the authority proposed to erect housing units. The plaintiffs are a group of individual property owners and an association of which those individual owners and other property owners in the area are members. All of the plaintiffs' properties are within 1600 feet of the optioned tract. The defendants are the city housing authority, the city of Danbury, the zoning commission of the town of Danbury and the town of Danbury. The plaintiffs seek to prevent the housing authority from acquiring and using the site for housing purposes. Their complaint is in two counts. In the first count, they ask for a declaratory judgment as to the constitutionality of Special Act No. 30 and the legality of the acquisition of the site in question by the city housing authority. Under the allegations of the second count, the plaintiffs want the housing authority enjoined from purchasing the site and from using it for the contemplated housing. The court dismissed the first count for lack of jurisdiction and rendered judgment for the defendants on the second count. The plaintiffs have appealed.

It is not essential to our determination of this appeal to recite the allegations of the complaint. The plaintiffs base their claims for relief on the admitted fact that the individual plaintiffs as well as the other members of the plaintiff association are

residents, taxpayers and voters of the town of Danbury. There is no allegation that any of the parties plaintiff have suffered any special or pecuniary damage or that their property interests would be substantially and materially impaired by the use of the optioned property for a housing development. The court found that the plaintiffs have no standing to maintain their cause of action under either count, and this conclusion finds overwhelming support in the finding of facts.

Only members of a class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional. *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 242, 246, 111 A. 363. One who is not injured by the operation of a law cannot be said to be deprived by it either of constitutional right or of property. *Windsor* v. *Whitney,* 95 Conn. 357, 367, 111 A. 354. No taxpayer is entitled to seek by declaratory judgment the construction of a statute if the effect of that construction will not affect his personal rights. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208; *McGee* v. *Dunnigan,* 138 Conn. 263, 266, 83 A.2d 491; see also *Benson* v. *Housing Authority,* 145 Conn. 196, 204, 140 A.2d 320. Likewise, the plaintiffs lacked standing to seek an injunction as taxpayers, since they did not allege, and they failed to show, that they would suffer irreparable injury. *Austin* v. *Housing Authority,* 143 Conn. 338, 349, 122 A.2d 399; *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294. Had the defendants demurred to the complaint, a lengthy and time-consuming trial could have been avoided. *Benson* v. *Housing Authority,* supra, 203. The court should have dismissed the second count for lack of jurisdiction.

There is error in the form of the judgment on the second count only; the judgment on that count is set aside and the court is directed to render judgment dismissing the second count of the complaint for lack of jurisdiction.

In this opinion the other judges concurred.