TOWN OF BERLIN ET AL. *v.* FRANK SANTAGUIDA ET AL.

COTTER, C. J., BOGDANSKI, PETERS, D. SHEA and DALY, Js.

Argued April 9—decision released July 1, 1980

*A. L. Zwerdling,* with whom were *William Zeman* and *Joel Ellis* and, on the brief, *Michael T. Leibig,*

for the appellant (defendant American Federation of State, County and Municipal Employees, AFL-CIO, et al.).

*Michael J. Lombardo,* assistant attorney general, and *Carl R. Ajello,* attorney general, for the appellants (named defendant et al.).

*Edward Hickey, Jr.,* and *Thomas A. Woodley,* for the appellant (defendant International Association of Firefighters, AFL-CIO).

*Gerald A. Heffernan,* for the appellants (defendant Connecticut Council of Police Unions No. 15, American Federation of State, County and Municipal Employees, AFL-CIO, et al.).

*George C. Hastings,* with whom were *Richard B. Cech* and, on the brief, *Barry K. Stevens,* for the appellees (plaintiffs).

*R. Theodore Clark, Jr.,* and *John Romanow,* filed a brief as amici curiae.

*Jeffrey C. Pingpank* filed a brief as amicus curiae.

PER CURIAM. Eight Connecticut municipalities and John Barth, a private individual, resident, taxpayer and elector of the town of Plainville, which is not a party herein, commenced the present action seeking injunctive relief and a declaratory judgment determining the constitutionality of the compulsory binding arbitration provisions of Public Acts 1975, No. 75-570 entitled "An Act Concerning Binding Arbitration For Municipal Collective Bargaining Agreements" which amended various provisions of the Municipal Employees Relations Act (hereinafter MERA). General Statutes §§ 7-467 through 7-477. The case was submitted to the trial court on the following stipulation of facts: The plaintiff municipalities have employees represented

by employee organizations designated under MERA as exclusive representatives of municipal employees in collective bargaining. At the time the case was submitted to the trial court, the plaintiff municipalities and the town of Plainville had in effect collective bargaining agreements which had been negotiated with various employee organizations. These agreements contained provisions covering, inter alia, wages, hours of work and fringe benefits. Between the time the complaint was filed and the date judgment was rendered, several of the plaintiff municipalities had engaged in compulsory binding arbitration pursuant to the statutory provisions challenged herein, although none of the awards had been confirmed by the court. After concluding that the plaintiffs had standing to maintain the action and that a justiciable controversy was presented, the trial court found the issues for the plaintiffs, rendered judgment declaring the compulsory binding arbitration provisions of Public Acts 1975, No. 75-570 violative of both the Connecticut and United States constitutions and granted the injunctive relief requested by the plaintiffs. This appeal by the defendants followed.

A preliminary question raised by the defendants is whether the plaintiffs have standing to challenge the constitutionality of a legislative enactment. "The 'fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated.' *Flast* v. *Cohen,* 392 U.S. 83, 99, 88 S. Ct. 1942, 20 L. Ed. 2d 947." *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 485, 338 A.2d 497. "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudi-

cation of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492, 400 A.2d 726.

We deal first with the issue of standing as it pertains to the plaintiff municipalities. It has been recognized as a general rule[1] that "[t]owns . . . are creatures of the state, and though they may question the interpretation, they cannot challenge the legality, of legislation enacted by their creator. *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 513, 45 A.2d 83; *Sanger* v. *Bridgeport,* 124 Conn. 183, 188, 198 A. 746." *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 245, 169 A.2d 891; *Windsor* v. *Windsor Police Department Employees' Assn., Inc.,* 154 Conn. 530, 539, 227 A.2d 65. An exception to this rule has been carved out to allow a municipality, adversely affected by a statute, which is properly in court on a nonconstitutional question to challenge the constitutionality of that statute. *Connecticut Light & Power Co.* v. *Norwalk,* 179 Conn. 111, 425 A.2d 576; *Hillier* v. *East Hartford,* 167 Conn. 100, 355 A.2d 1; *Tough* v. *Ives,* 162 Conn. 274, 294 A.2d 67; *Ducharme* v. *Putnam,* 161 Conn. 135, 285 A.2d 318. The present case does not fall within this exception since the sole issue presented herein is the

[1] In *Williams* v. *Mayor,* 289 U.S. 36, 40, 53 S. Ct. 431, 77 L. Ed. 1015, the United States Supreme Court stated: "A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator." See also *City of New York* v. *Richardson,* 473 F.2d 923 (2d Cir.), cert. denied, 412 U.S. 950, 93 S. Ct. 3012, 37 L. Ed. 2d 1002; *Athanson* v. *Grasso,* 411 F. Sup. 1153 (D. Conn.).

constitutionality of Public Acts 1975, No. 75-570; there are no nonconstitutional issues raised in this case. It is also significant to note that in the cases establishing the exception to the municipality standing rule, the municipalities were in court as defendants whereas in the present case they are the plaintiffs.[2] The plaintiff municipalities do not offer, nor do we see any compelling justification for further eroding the rule denying a municipality standing to challenge the constitutionality of legislation enacted by its creator.

Regarding the standing of Barth, it has been established that in a suit for declaratory judgment "[o]nly members of a class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional. *Connecticut Light & Power Co.* v. *Southbury,* 95 Conn. 242, 246, 111 A. 363. One who is not injured by the operation of a law cannot be said to be deprived by it either of constitutional right or of property. *Windsor* v. *Whitney,* 95 Conn. 357, 367, 111 A. 354. No taxpayer is entitled to seek by declaratory judgment the construction of a statute if the effect of that construction will not affect his personal rights. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208; *McGee* v. *Dunnigan,* 138 Conn. 263, 266, 83 A.2d 491; see also *Benson* v. *Housing Authority,* 145 Conn. 196, 204, 140 A.2d 320." *Coyle* v. *Housing Authority,* 151 Conn. 421, 424, 198 A.2d 709. In *Ducharme* v. *Putnam* this court cited with approval *Flast* v. *Cohen,* supra, and stated (p. 138) that "an individual taxpayer can sue so long as he can show how he, as distinguished from taxpayers in general,

---

[2] We are not presented with nor do we express an opinion concerning circumstances in which a municipality, as a defendant, relies, as a defense, solely on the asserted unconstitutionality of a statute.

is constitutionally affected by the provision attacked." See also *Belford* v. *New Haven*, 170 Conn. 46, 53, 364 A.2d 194. The plaintiffs, however, stipulated that Barth would not be and has not been affected by the operation of the legislation challenged herein in a manner distinguishable from its effect, if any, on other Plainville electors or taxpayers generally. The plaintiffs' claim that Barth has standing as an elector alleging a deprivation of his right to an effective vote is similarly without merit. The challenged statute places no infringements upon his right to vote of a type that would confer standing to maintain this action.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to dismiss the action.