[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#159 AND #167)
The issue before the court is does the plaintiff have standing to assert claims under 42 U.S.C. § 1983 (1982) and Conn. Gen. Stat. 16-262c, 16-262d, 16-262e and 19a-109 (1989) and thus survive defendant's motions to dismiss counts four and five of a six-count complaint. The plaintiff is not within the class of people intended to assert the benefits of the Connecticut statutes. The federal claim is derivative of the state claim. Therefore, the plaintiff has no standing to sue under the state or federal statutes, and that this court is without subject matter jurisdiction over the suit.
The following substantive facts are taken from the plaintiff's six-count complaint: The plaintiff owns 121 Allen Place in Hartford, a residential apartment building. In September 1985, the defendant, Connecticut Natural Gas Corp, terminated gas service to the building.
The parties dispute the reason for the termination, but it is not relevant to the present motion.
The recent procedural history of this case is as follows: The court, Hale, J., denied defendant's motion for summary judgment on all counts on July 27, 1990, without opinion. While a decision on that motion was pending, the defendant filed two motions to dismiss based on subject matter jurisdiction, each requesting the dismissal of a different count of plaintiff's complaint. The July 2, 1990, motion requests dismissal of count 5, and the July 24, 1990, motion requests dismissal of count 4. The plaintiff filed memoranda and affidavits in opposition to both of defendant's motions. The motions were heard at short calendar on September 10, 1990.
In its motion to dismiss count 4 (alleged violation of protections afforded utility customers against service termination in certain circumstances [Conn. Gen. Stat. 16-262
et seq.]), the defendant argues that the plaintiff is not within the class sought to be protected by the proferred statutory scheme because he is not a resident of the building. The defendant argues that the statute only protects tenants against the termination of utility services in certain circumstances, and that, therefore, the plaintiff, the owner/landlord, has no standing to sue under the statutes.
In its motion to dismiss count 5 (alleged deprivation under CT Page 4642 color of state law of federally protected right [42 U.S.C. § 1983]), the defendant argues that the court has no subject matter jurisdiction because the defendant does not have any federally protected interest and because the plaintiff has not alleged facts sufficient to establish that the defendant was acting under color of state law as required to state a cause of action under 1983.
Also in count 5, the plaintiff claims a violation of19a-109, which requires public service companies to provide motive to certain people before service is terminated.
"Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals Health. Care, 210 Conn. 697,702 (1989). A party may file a motion to dismiss to assert "(1) lack of jurisdiction over the subject matter. . ." Conn. Practice Bk. 143 (1978), revised to 1989). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Demar v. Open Space Conservation Commission, 211 Conn. 416, 423-24
(1989). Any motion to dismiss must be filed with a supporting memorandum of law and, if appropriate, affidavits as to facts not apparent on the record. Conn. Practice Bk. 143.
"The issue of subject matter jurisdiction can be raised at any time including on appeal." Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 556-57 (1987). The defendant has raised the issue of subject matter jurisdiction, therefore this motion to dismiss is proper even though a motion for summary judgment filed by the defendant has already been denied.
 When standing is put in issue, the question is the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justifiable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded.
Berlin v. Santaguida, 181 Conn. 421, 423-24 (1980). "The issue of standing implicates the court's subject matter jurisdiction." Double I Limited Partnership v. Glastonbury, 14 Conn. App. 77, 79 (1988); Planning Zoning Commission v. Gaal, 9 Conn. App. 538, 542 (1987). The defendant alleges that the plaintiff does not have standing to bring these claims. A motion to dismiss is the proper way to contest subject matter jurisdiction on the ground that the plaintiff is without standing to sue. CT Page 4643
The plaintiff asserts the protections of Conn. Gen. Sat. 16-262cm 16-262d, 16-262e and 19a-109 to impose liability on the defendant for terminating the plaintiff's gas service.
Conn. Gen. Stat. 16-262c is entitled "Termination of utility service for nonpayment, when prohibited. Amortization agreements. Hardship cases. Notice. Regulations. Annual reports." In its original form, the statute only prohibited the termination of utility service on weekends, holidays and certain other days and times. During debate on its passage, the bill's author, Senator Fauliso said, "I think that it is humanitarian." Sen., Vol. 13, p. 1448 (April 30 1969). In the house, debate focused on the need to be fair to low-income tenants who could not afford to pay their utility bills. Mr. Frazier commented:
 Mr. Speaker, living in what is called the North End of Hartford where you have three large projects, where you have quite a few people on the low-income bracket, it has been done that is, these services have been cut off, and when you call, it is very difficult to have the servicemen reconnect them before the following Monday, that is, if they are cut off on that previous Friday.
House Vol. 13, part 5, p. 2459-60 (May 7, 1969). Mr. Morgan said:
 I know they do disconnect, because it is a positive fact, and on the week-ends, especially with a family with several children, without lights, to walk into their house on a Friday afternon, and to be greeted with no lights at night-time, it is a pretty hard hardship, especially if you have children . . . this is a good bill for the low-income families.
House, Vol. 3, part 5, p. 2460-61 (May 7, 1969).
The plaintiff argues that the defendant "failed to give plaintiff reasonable opportunity to pay bill or amortization agreement as required GS16-262c [sic]." Under 262c(b)(2), utilitiers are required to give "any residential customer whose account is delinquent an opportunity to enter into a reasonable amortization agreement with such company or utility to pay such delinquent account and to avoid termination of service." This section was added in 1983 and was entitled "An Act Concerning CT Page 4644 Electric and Gas Service to Customers Lacking Financial Resources to Pay Their Entire Accounts." In debate on passage of this amendment, Rep. Lavine commented:
 Earlier in the year, we gave each one of you a study from the research office which showed that the average cost of what individuals would be receiving today on fixed public assistance incomes with $9.90 for their energy and the electrical cost of energy was about $40.00. In previous years we met part of that through winter energy assistance. This year we didn't. So what's happened is that greater and greater numbers of people have found themselves shut off as they have come to the end of the April 5 moratorium on electrical shut offs . . . And so we went back and we said well maybe we should try and do something with the amortization. . . .
House, Vol. 26, p. 6298 (May 26, 1983). The original statute and this amendment were intended to benefit low-income customers and tenants who cannot afford to keep their utility accounts current. The plaintiff is a well-known landlord in Connecticut who leases many apartments to tenants.16-262c was not intended to provide landlords who have not paid their bills with a cause of action for damages. It was intended to ensure that residential customers would be given an opportunity to pay their bills in installments and to protect them from cutoff of service in the winter and on certain days. The plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under this statute.
The plaintiff alleges that the defendant failed to provide him with 13 days' notice by first-class mail of the impending termination citing Conn. Gen. Stat. 16-262d. However, this statute applies to "residential service" only. The statute was intended to benefit residents who live in the apartment or house where service is to be terminated. There is no allegation that the plaintiff lived in the building at the time of termination. In an affidavit, plaintiff Tucker says that a night watchman lived in the building at the time in question. There are two problems with the affidavit. First, the plaintiff is not testifying from personal knowledge; he is telling in the affidavit his belief that the watchman lived in the building over a period of several years. Second, the defendant has submitted a counter-affidavit in which a Hartford housing code CT Page 4645 supervisor says that no one was permitted to live in the building at the time in question because the building was not certified appropriately. The supervisor further says that a watchman would be permitted on the premises at night but would not be allowed to live there.
"Residential service" was not terminated in that neither the plaintiff nor the night watchman were residents of the building. Therefore, the plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under this statute.
The plaintiff alleges that the defendant "fail[ed] to give occupant notice of pending termination and fail[ed] to give occupant opportunity to have service in his name" as required by16-262e. However, this statute requires utilities to give tenants notice of termination when a third party, for example, a landlord, fails to pay the utility bill. 16-262e(a)(1). It also requires utilities to offer tenants the opportunity, if practicable, to acquire the service in the tenant's name.16-262e(a)(2). The plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under this statute.
The plaintiff also alleges that the defendant violated19a-109, which requires public service companies to give notice to certain people before terminating utility service. He alleges that the defendant violated the statute because it did not get a notarized statement from the plaintiff saying the building was vacant or agreeing to the pending termination. However, the statute requires the owner of the building to initiate this notice provision by requesting the company to give the owner notice before any termination. The plaintiff has not alleged that he requested the defendant to give him notice as the statute requires. Therefore, the plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under this statute.
Accordingly, the court must grant the defendant's motion to dismiss count four of the complaint for lack of subject matter jurisdiction because the plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under the statutes set forth.
In count five, the plaintiff alleges that the defendant violated his procedural due process rights under thefourteenth amendment of the United States Constitution, codified at42 U.S.C. § 1983, by terminating gas service to plaintiff's building. The defendant argues that the plaintiff lacks standing under this statute for two reasons. First, the CT Page 4646 defendant argues that the plaintiff has not been deprived of any federally protected right because the defendant did not owe any procedural protections to the plaintiff. The plaintiff argues that the defendant's violation of the above state statutes deprived him of a property right to gas service. Second, the defendant argues that the court lacks subject matter jurisdiction because the plaintiff has not alleged that the defendant acted under color of state law as required in a 1983 section. The defendant says in its memorandum of law, "This Count, as plead, is devoid of any factual foundation for a finding that Connecticut Natural Gas Corporation acted' under color' of State law at the time of gas service termination in 1985."
Section 1983 says:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983. Two allegations are required to state a cause of action under 1983: "First, the plaintiff must allege that some person has deprived him of a federal right Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).
This 1983 action is derivative of the claims in count four. The plaintiff is claiming damage under 1983 because the defendant allegedly did not follow the procedures required by the state statutes in count four. The plaintiff claims that the statutory procedures create a federally protected due process right. The plaintiff has not alleged facts or offered proof by by affidavit that he is a proper party to seek relief under the state statutes and that, therefore, the court must dismiss count five for lack of subject matter jurisdiction. The plaintiff, therefore, has asserted no federally protected right for which he is entitled to seek 1983 damages.
The court must grant the defendant's motions to dismiss counts four and five for lack of subject matter jurisdiction CT Page 4647 because the plaintiff has not alleged facts or offered proof by affidavit that he is a proper party to seek relief under these statutes. The plaintiff has no standing to sue under the state statutes in count four because he is not within the class of state statutes provide the basis for count five, the [1983 claim. The court must dismiss count five because the plaintiff has no standing under the state statutes and therefore, has not claimed a deprivation of a federally protected right. The defendant's motion to dismiss is granted.
CLARK, J.