[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS THE SECOND COUNT OF PLAINTIFFS' COMPLAINT
On June 18, 1991 the plaintiffs, taxpayers in the Town of West Hartford ("Town"), filed a two count complaint seeking a writ of mandamus and a temporary injunction against the defendants Town of West Hartford, the Town Clerk of West Hartford, and nine individuals in their capacity as members of the West Hartford Town Council and as individuals.
The plaintiffs claim that pursuant to the Town Charter, Chapter XI, Sec. 4 they are entitled to a referendum. The object of the referendum is the repeal of the Town Council's "Resolution Authoring the Town Administration to Enter Into a Contract for the Provision of Sanitation Services." This resolution of the Council states, inter alia, that "the Town Administration is hereby authorized to execute a contract with the lowest responsible bidder for the provision of refuse collection, CT Page 5056 recycling and refuse transfer services effective July 1, 1991 in accordance with the contract bidding documents."
The resolution further states that "the Town Council directs the Town Manager not to enter into a Memorandum of Understanding with SEIV Local 531, Sanitation Unit."
The court has previously found that it is not probable that it would issue a mandamus to order a referendum in this action and that count of the case has been left to proceed in the regular course of court business.
The court addresses today the second count which requests that a temporary injunction issue until such time as there is a final decision on the mandamus. Specifically, the temporary injunction is sought to prevent the defendants from laying off the Town's sanitation employees until the mandamus issue is decided (the plaintiffs are not Town sanitation employees); and, further to prevent the defendants from employing the services of a sanitation sub-contractor until the mandamus issue is decided.
On June 24, 1991 the defendants filed a motion to dismiss the second count and the application for a temporary injunction on the ground that the court lacks subject matter over this action in that the plaintiffs have no standing to seek a temporary injunction.
On June 26, 1991 the plaintiffs filed a memorandum of law in opposition to the defendants' motion to dismiss. In addition, on June 27, 1991 the plaintiffs filed a supplemental memorandum in opposition to defendants' motion to dismiss.
Also, on June 27, 1991, the court requested counsel for the plaintiffs to make an offer of proof as to what irreparable harm his clients will sustain. The plaintiffs' counsel ennumerated three areas of harm which will be reviewed in context. The court now considers the motion to dismiss in view of the foregoing history.
A motion to dismiss may be used by a defendant to challenge the subject matter jurisdiction of the CT Page 5057 court at any time. Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294 (1987). "Standing goes to the court's subject matter jurisdiction." Stroiney, 205 Conn. at 294.
The fundamental aspect of standing is that is focuses on the party seeking to get his complaint before the court and not on the issues he wishes to have adjudicated. University of Connecticut Chapters, AAUP v. Governor, 200 Conn. 386, 389
(1986) "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." Connecticut Association of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558 (1985) (Citations omitted).
"To have standing, a taxpayer must prove that he is directly affected in a pecuniary manner." Atwood v. Regional School District No. 15, 169 Conn. 613,617 (1975). A party's "Status as taxpayer, without a demonstration by him of some tangible injury, does not by itself confer standing upon him where the defendant is a municipal corporation." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 548 (1980).
The defendants argue in their memorandum of law in support of their motion to dismiss that the plaintiffs lack standing because the plaintiffs do not allege facts regarding how the plaintiffs themselves will be injured. This is true. The plaintiffs merely allege they "will suffer irreparable harm" in paragraph Seventeen of their complaint. No facts are alleged. It is our law that such plaintiffs must "allege facts which, if proven, would establish irreparable injury . . ." Scoville v. Ronalter, 162 Conn. 67, 74 (1971). The court may be justified in granting the motion to dismiss on this basis alone.
The plaintiffs first offer of proof as to irreparable harm is a claim that they have been denied their "right to vote." Nothing could be farther from the truth. Their "right to vote" will only be triggered after there is a determination of the mandamus in their favor. Until such time there CT Page 5058 is no "right to vote." In fact, even if the temporary injunction were granted they would not be able to vote. They would still have to wait until a favorable decision on the mandamus in order to exercise their "right to vote." This claim of irreparable harm is therefore rejected.
The second claim of irreparable harm to these plaintiffs is that the Town "is planning to sell or auction off the sanitation equipment" it presently owns. The court fails to perceive how a suspected sale of the Town's sanitation equipment or even computers, snow blowers, police cars or fire engines cause taxpayers irreparable harm. All are replaceable as are personnel. And, as a matter of course, are replaced regularly. This claim is speculative and remote. The plaintiffs do not show with this claim that they will suffer "some pecuniary or other great loss." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541
(1980).
The third claim of irreparable harm is that if the writ of mandamus is issued, and if a referendum is held and if they prevail in the referendum and if prevailing in the memorandum has a legal impact on the status quo, that there may be no one available to collect the Town's garbage. These fears and apprehensions are speculations and cannot justify the granting of injunction relief as being an irreparable harm. Nicholson v. Connecticut Half-Way House, Inc., 153 Conn. 507, 511-512
(1966).
The only other reference to irreparable harm in the pleadings are the loss of benefits to employees, who are not plaintiffs here and therefore present no harm whatsoever to these plaintiffs.
Based upon the foregoing the court concludes that these taxpayer plaintiffs do not have standing to request a temporary injunction and therefore count two so requesting, is, accordingly, dismissed. Coyle v. Housing Authority, 151 Conn. 421,424-425 (1964).
BY THE COURT,
CHARLES D. GILL, JUDGE CT Page 5059