[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiffs bring this action for a declaratory judgment and a permanent injunction. Defendants move to dismiss because "the plaintiffs have no standing . . . and the court lacks subject matter jurisdiction."
Allegations and Facts
In 1985 the Supreme Court in the case of ConnecticutAssn. of Boards of Education, Inc. v. Shedd, 197 Conn. 554
(hereinafter CABE v. Shedd), dismissed for lack of standing, holding that "the plaintiffs should have first addressed their nonconstitutional claims to . . . the commissioner of CT Page 10078 education." id. 561. Only then will they be at liberty to seek a declaratory judgment. As a result of this ruling in the spring of 1988 the plaintiffs petitioned the commissioner of education for a declaratory ruling under C.G.S. § 4-176. The "questions" presented to the commissioner were essentially the same as those here presented to the court as follows:
1. A declaratory judgment that a resident, elector and taxpayer of a town is entitled as a matter of constitutional and common law to have a public official elected by his fellow town electors exercise his independent judgment upon a review of all data he deems relevant, and to vote only in a manner he honestly believes will benefit the people of his town and will not harm them; and that such a public official thus has a duty to act only in such a manner.
2. A declaratory judgment that the Act requires in fact or by necessary implication a member of a town's board of education and/or board of finance and/or legislative body to accept, and to vote in favor of whatever is necessary to implement, the decision of arbitrators under General Statutes § 10-153f — or in the alternative his vote against such measures would be ineffective under the statute — even if he honestly, sincerely and thoroughly believes in this exercise of his independent judgment and upon a review of all data he deems relevant that such an acceptance and favorable vote by him would be harmful to the people he was elected to serve.
3. If the Court declares as prayed for in either of the two foregoing prayers in relief, a declaratory judgment that the Act violates Article First, Sections 2 and 8; Article Second; Article Third, Section 1; Article Tenth, Section 1; and Article Eleven, Section 1 of the Connecticut Constitution; and Section 1 of the Fourteenth Amendment of the United States Constitution; and/or rights of plaintiffs in the penumbras of each constitution.
The commissioner declined to rule.
On January 5, 1989, the plaintiffs, the Connecticut Association of Boards of Education[1], ("CABE"), the Trumbull Board of Finance, and Alice Crosby, a resident, taxpayer and elector of the town of Clinton, brought this declaratory judgment action naming as defendants the State Commissioner of Education, Gerald N. Tirozzi (Commissioner) and The CT Page 10079 Arbitration Panel (Panel) established by C.G.S. § 10-153f (the Act) in regard to the above "questions" and also ask injunctive relief under the Act. The Act provides for binding arbitration of labor contract disputes between local boards of education and teachers and administrators unions. Specifically, the Act establishes the Panel appointed by the governor within the state department of education and provides that the Panel's decision is final and binding upon the parties and is not subject to rejection by the legislative body of the local or regional school district, or by referendum.
On June 30, 1989, the plaintiffs filed an Amended Revised Complaint, the operative complaint in this action, in which the Town of Cheshire, five residents, electors and taxpayers of Cheshire (David Schrumm, Thomas N. Jones, Gilbert P. Leslie, Jr., Joy Hostage and Sandra R. Mouris), the Town of Southington and the Plainville Town Council all intervened as court approved plaintiffs.[2] The plaintiffs allege in their complaint that the rights of elected officials to vote as they see fit are violated by the Act's provisions calling for binding arbitration, unless elected officials are given veto power over the arbitration award. The plaintiff's are seeking a declaratory judgment that the provision calling for binding arbitration, General Statutes § 10-153f(4), be declared unconstitutional since it violates Article First, Sections 2 and 8; Article Second; Article Third, Section 1; Article Tenth, Section 1: and Article Eleven, Section 1 of the Connecticut Constitution; and Section 1 of theFourteenth Amendment of the United States Constitution.
On March 22, 1989, the Connecticut Federation of School Administrators ("CFSA") and the Connecticut Education Association ("CEA") respectively applied to be joined as party defendants pursuant to the court's January 30, 1989 order of notice. The application was granted as to each.
On October 20, 1994, the defendants moved to dismiss the complaint on the grounds that the plaintiffs lack standing, and that the court lacks subject matter jurisdiction over the matter.
On November 10, 1994 and November 15, 1994, defendants, CFSA and CEA respectively, joined in the motion to dismiss filed by the Commissioner and the Panel CT Page 10080
Law
 I. Standing
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . .". Sadlowski v. Manchester,228 Conn. 79, 84. Without standing the court has no subject matter jurisdiction. id. 83.
A. Municipalities
Towns being mere creatures of the state may not challenge the legality of legislation enacted by the state, their creator. Berlin v. Santaguida, 181 Conn. 421, 424. This rule is subject to the exception which allows a town, "adversely affected by a statute, which is properly before the court on a nonconstitutional question to challenge the constitutionality of that statute." CABE v. Shedd, supra 559.
Our first issue is whether one or more of the three "questions" is nonconstitutional. The plaintiffs admit that the third is only constitutional but argue that the first and second are not.
In the first "question" the plaintiffs seek a "declaratory judgment that a resident, elector and taxpayer is entitled as a matter of constitutional and common law to have" an elected town official exercise his independent judgment and to vote in a manner which he honestly believes will benefit the people of the town and that the official has a duty to so vote. The court will ignore the constitutional part of the "question."
This "question" in itself although rather specious may contain a germ of an issue for declaration of a "right, power [or] privilege" and thus allow a declaratory judgment, P.B. § 389. The same is true of the second "question." Thus the municipalities have standing under CABE v. Shedd supra because those two questions are not necessarily constitutional. CT Page 10081
B. Individuals
In order to have standing a plaintiff "must prove he or she is directly affected by the contested act." Bell v.Planning and Zoning Commission, 174 Conn. 493, 498.
Plaintiff Alice Crosby claims to have standing as a member of the legislative body of the Town of Clinton. She will be treated like the town for the purpose of standing.
As to all the other individuals they have no standing because they cannot show that they may be "distinguished from taxpayers in general." Berlin v. Santaguida, 181 Conn. 421,425, 426.
Their claims of standing as electors are "similarly without merit." id 426.
C. CABE
CABE is a Connecticut corporation which this court will treat as an "association."
The complaint does not tell us whether Alice Crosby is a member of CABE. It does allege that the "vast majority of Connecticut's town and regional boards of education" are members.
Our Supreme Court held in Connecticut Assn. of HealthCare Facilities, Inc. v. Worrell, 199 Conn. 609
 "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Id., 343, see Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 40, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); California Bankers Assn. v. Shultz, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); Sierra Club v. Morton, 405 U.S. 727, 739, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Representational standing CT Page 10082 "depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." Warth v. Seldin, 422 U.S. 490, 515. 95 S.Ct. 2197. 45 L.Ed.2d 343
(1975). "Associational standing is particularly appropriate . . . where the relief sought is . . . a declaratory judgment . . . ." Peick v. Pension Benefit Guaranty Corporation, 724 F.2d 1247, 1259
(7th Cir. 1983).
 Id. at 616.
CABE satisfies all three of the Worrell requirements.
The court cannot come to the conclusion "that the parties should be left to seek redress by some other form of procedure." P.B. 390(c).
Motion to dismiss is granted as to David Schrumm, Thomas N. Jones, Gilbert P. Leslie, Jr., Joy Hostage and Sandra R. Mouris and is denied as to all other plaintiffs.
N. O'Neill, J.