THE STATE OF DELAWARE, upon the relation of BERNARD J. McVEY, *vs.* MARTIN B. BURRIS, State Treasurer.

*Court in Banc— Case Stated— Constitution—Statute ; Construction of — Public Office — Abolishment of — Salary ; Diminishing of—Legislature ; Power of ; Good Faith of—Function of Court.*

1. Whether the Legislature, in passing an act, acted in good faith, and for the best interests of the public is entirely between the members and their constituents, so long as they confine themselves within the limits of their authority. It is no function of the Court to pass upon the motives of the Legislature in the discharge of their duty. The Legislature represents the sovereignty of the people, and may pass any laws not inconsistent with the Constitution of the State or of the United States.

2. Offices created by the Legislature are entirely within legislative control ; the gift of such an office is not a contract. Unless there be some constitutional limitation, such offices may be modified, abridged or abolished, as the Legislature may see fit.

3. When an office is abolished the former incumbent has no right to compensation for the unexpired term. The salary is an incident of the office, and dies with it.

4. The only constitutional limitation as to the term of office is, that "No law shall extend the term of any public officer." The inherent power of the Legislature to abridge the term or abolish the office is left untouched. There being no constitutional inhibition the right to create carries with it the right to abolish ; and when so abolished, there is no office to support a salary, which is a mere incident.

5. That part of Article 15, Section 4, of the Constitution which prescribes that no law shall "diminish his salary or emoluments after his election or appointment" has no application where an office is abolished. It only applies to cases where an office continues in existence, and during such continuance the attempt is made to diminish the salary or emoluments.

(*July 22, 1901.*)

LORE, C. J., and SPRUANCE, GRUBB, PENNEWILL and BOYCE, Associate Judges, sitting.

*John Biggs* for the relator.

*Herbert H. Ward* and *Robert H. Richards* for the respondent.

Court in Banc.

Questions of law arising on a case stated in MANDAMUS PRO-
CEEDINGS (No.166, May Term, 1901), directed by the Superior Court
for New Castle County, to be heard by the Court in banc.

LORE, C. J., delivering the opinion of the Court:

This is an application for a writ of peremptory mandamus to
compel Martin B. Burris, State treasurer of the State of Delaware,
the respondent, to pay to Bernard J. McVey, the relator, the sum
of $100; being, as he alleges, the amount due him for salary as
State detective for the month ending April 1, 1901. The facts
were agreed upon in a case stated, and the question of law raised
therein, on joint application of the parties, was ordered by the Court
to be heard by the Court in banc. By the case stated it appears
that the relator had been regularly appointed and was in the due
exercise of his office as a State detective on the 12th day of March,
1901, by appointment for a term of four years, under the provisions
of *Chapter 64, 21 Laws Delaware;* that his term of office had not
then expired. By act of the General Assemby, approved March 12,
1901, said chapter 64 was " repealed and made null and void."
Thereby the office of State detective was abolished. By act of the
General Assembly, approved March 15, 1901, the office of State
detective was re-established, but the relator was not reappointed
under the last named act. The relator claims that the repealing act
of March 12, 1901, is void, under *Article 15, § 4, Constitution,
1897,* which reads: "No law shall extend the term of any public
officer, nor diminish his salary or emoluments after his election or
appointment." He bases this contention on two grounds: (1) That
the abolishment of his office took away his salary for the residue of
his term and thereby diminished his salary; (2) that the abolish-
ment of the office of State detective by act of March 12, 1901, and
the re-establishment of the same by act of March 15, 1901, were
only an indirect method of diminishing the salary of the relator,

and not a *bona fide* attempt to dispense with the office.  We will deal with the latter point first.  There is no evidence in this case that there was any lack of *bona fides* on the part of the Legislature in passing these acts.  The presumption of law is in favor of good faith.  Even if there was a lack of *bona fides* on the part of the members of the Legislature, what right would this Court have to pass upon that subject, if what the Legislature did was within its power?  Whether it acted in good faith and for the best interests of the public is entirely between the members and their constituents, so long as they confine themselves within the limits of their authority.  It is no function of this Court to pass upon the motives of the Legislature in the discharge of their duty.  The Legislature of each State represents the sovereignty of the people, and it may pass any laws not inconsistent with the Constitution of this State or of the United States.  It is well settled that offices created by the Legislature are entirely within legislative control; that the gift of such an office is not a contract.  Unless there be some constitutional limitation, such offices may be modified, abridged, or abolished, as the Legislature may see fit.  When an office is abolished the former incumbent has no right to compensation for the unexpired term.  The salary is an incident of the office, and dies with it.  The vital question, therefore, is, had the Legislature the right to abolish the office under *Article 15, § 4, Constitution?*  The only limitation as to the term of office is that "No law shall extend the term of any public officer."  The inherent power of the Legislature to abridge the term or abolish the office is left untouched.  There being no Constitutional inhibition, the right to create carries with it the right to abolish; and, when so abolished, there is no office to support a salary, which is a mere incident.  Therefore that part of Article 15, § 4, of the Constitution, which prescribes that no law shall "diminish his salary or emoluments after his election or appointment," has no application to this case.  It only applies to cases where an office continues in existence, and during such continuance the attempt is made to diminish the salary or emoluments.  This

conclusion is founded on reason, and is supported by authority of cases decided under similar constitutional provisions in the States of Pennsylvania and Washington.

*Donohugh vs. Roberts, 11 Wkly. Notes Cas., 186; Com. vs. Weir, 165, Pa. 284—30 Atl., 835; Bogue vs. City of Seattle ( Wash.) 53 Pac., 548.*

We conclude that the office of the relator was abolished by the act of March 12, 1901, and that after that date he is not entitled to receive the salary provided for State detective under said *Chapter 64 of 21 Laws Delaware.*

It is ordered that this opinion be certified by the Prothonotary to the Superior Court in and for New Castle County.