THE STATE EX REL. ALBERT McC. MATHEWSON *vs.*
EDWIN C. DOW.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant, who had been appointed on June 18th, 1903, judge of the City Court of New Haven "for the unexpired portion" of a term ending April 1st, 1905, claimed that in legal effect his appointment ran until June 18th, 1905, under the 20th Amendment of the Constitution, which provides that judges of city courts shall be appointed for terms of two years. In *quo warranto* proceedings at the relation of one appointed as his successor, it was *held* that the defendant's appointment and the limitation affixed to his term were so dependent and inseparable that both must stand or fall together and as a whole ; and therefore, if the limitation was unconstitutional and void, his appointment was also void and he became nothing more than a *de facto* judge, certainly after April 1st, 1905; while on the other hand, if the limitation was valid, the defendant's right to the office ceased upon April 1st, 1905, when the relator's term began.

When a statute is in part consistent with the Constitution and in part inconsistent with it, the former part may be held to be operative, and not the latter, if they can be thus separated from each other and treated as independent provisions without doing violence to the apparent purpose of the legislature; otherwise they must be treated as a whole and the statute must be held to be void.

Submitted on briefs April 18th—decided June 9th, 1905.

INFORMATION in the nature of *quo warranto* to determine the defendant's title to the office of judge of the City Court of New Haven, filed in the Superior Court in New Haven County April 4th, 1905, and reserved (*Case, J.*), upon a finding of facts, for the advice of this court. *Judgment advised for the State.*

*Edward H. Rogers, George D. Watrous* and *Harry G. Day,* for the relator, Albert McC. Mathewson.

*E. P. Arvine, Henry G. Newton, Ward Church* and *Harrison Hewitt,* for the defendant, Edwin C. Dow.

BALDWIN, J. The charter of the city of New Haven as last revised in 1899, provides that the judge and associate judge of the City Court " shall be appointed by the general assembly and shall severally hold office for the term of two years from and after the first day of April following their appointment, and until their respective successors shall have duly qualified." 13 Special Laws, p. 437, § 165. In June, 1903, the judge of the court, who had been appointed for the term of two years from April 1st, 1903, resigned, and the General Assembly, on June 18th, 1903, adopted the following resolution : —

" Resolution appointing Edwin C. Dow Judge of the City Court of New Haven for the unexpired portion of the term ending April 1, 1905.

" Resolved by this Assembly : That Edwin C. Dow, of New Haven, be and he is hereby appointed judge of the City Court of New Haven for the unexpired portion of the term ending April 1, 1905, and until his successor is duly appointed and qualified. "

A commission was thereupon issued to him " to have and to hold said office for the unexpired portion of the term of two years from and after the first day of April, A. D. 1903, pursuant to the constitution and laws of our said State, " under which he qualified and has ever since claimed to act.

In February, 1905, the General Assembly adopted another resolution "that Albert McC. Mathewson of New Haven, be and he hereby is appointed judge of the City Court of New Haven for the term of two years from and after the first day of April, 1905, and until his successor is duly appointed and qualified"; and under this the relator has been commissioned accordingly, and has qualified.

If the General Assembly had power to limit the appointment of Judge Dow to the unexpired portion of the term for which his predecessor had been appointed, it plainly exercised the power, and he has no right to the office in question as against the relator.

The Constitution (Art. V, § 3) declares that the judges of the Supreme Court of Errors, of the Superior and inferior courts, and justices of the peace, shall be appointed by the General Assembly "in such manner as shall by law be prescribed," and that judges of inferior courts and justices of the peace "shall be appointed annually." The latter provision is modified by the twentieth amendment to the Constitution, adopted in 1876, which declares that "judges of the City Courts and Police Courts shall be appointed for terms of two years."

It is contended by the defendant, first, that the amendment precludes the General Assembly from making judicial appointments for the courts named, in any case, for a term less than two years; and, second, that the resolution appointing him judge of the City Court was effectual as respects his appointment to the office, but ineffectual as respects the prescribed limitation of his term to what remained of that for which his predecessor had been commissioned.

The first of the propositions thus asserted, if sound, would be of no avail to him unless the second is sound also. If it be so that the General Assembly had no right to appoint him for less than a full two years' term, yet it clearly intended to appoint him for no other; and if full effect is to be given to this intent, then, if ever anything more than a *de facto* officer, he certainly has been nothing more than that since April 1st, 1905.

State ex rel. Mathewson v. Dow.

When a statute is in part consistent with the Constitution and in part inconsistent with it, the former part may be held to be operative and not the latter, if they can be thus separated from each other and treated as independent provisions without doing violence to the apparent purpose of the legislature. "But if they are so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried to effect, the legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected, must fall with them." *Warren* v. *Mayor of Charlestown*, 2 Gray (Mass.) 84, 99; *State* v. *Wheeler*, 25 Conn. 290, 299. The purpose of the statute now in question is declared in its title to have been the appointment of the defendant for the unexpired portion of his predecessor's term, and the words used in the resolution itself are well adapted to carry this purpose out. They are contained in a single sentence, and the limitation is so attached to the grant as to warrant, if not to compel, a belief that the legislature intended them as a whole, and would not have made an appointment which would break the regular succession of biennial terms, each ending on the first day of April. "Where part only of a statute is void, and the residue so dependent upon and connected with the void part that it cannot be presumed the legislature would have passed one without the other, then both are void." *Neely* v. *State*, 4 Baxter (Tenn.) 174, 185.

An inspection of the records of the General Assembly shows that since the ratification of the twentieth amendment, it has, from 1880 to the present year, filled on twelve occasions vacancies in city and police courts for the unexpired portion of the term, and that in several of these instances the person appointed has been at the same time also appointed for the full term next succeeding. Considerable weight is justly due to this practical construction of the twentieth amendment, extending over a quarter of a cen-

tury, and never questioned until by the present suit, as indicating the settled opinion of the General Assembly, tacitly acquiesced in by the people, that it is within the legislative discretion to appoint, in case of a vacancy in these local courts, for the unexpired portion of the term, even when it is accompanied by an additional appointment for a new and full term. Whether, however, this construction be sound, or not, it is important as confirming the conclusion that the General Assembly meant, what the language which they used naturally indicates, to appoint the defendant only for the unexpired portion of his predecessor's term; and that to reject the limitation, while supporting the grant, would be to defeat and not to carry out the legislative will. Cooley on Const. Lim. (7th Ed.) 248, note.

This is not the case of an election by the people under rules prescribed by the legislature which are consistent with the Constitution in calling for an election, but inconsistent with it in purporting to vary the term for which the person elected is to hold. If a statute of that nature may be deemed operative so far as it is consistent with the Constitution, and the residue rejected as void, it does not follow that the resolution now in question should be treated in the same way. In that, the legislature was only seeking to limit the scope and effect of its own action. In legislation of the other description, the attempt made is to limit the scope and effect of action to be thereafter taken by the people in pursuance of their constitutional right. It might be that at a popular election thus ordered, the votes cast would have the effect provided by the Constitution, notwithstanding any legislative provision to the contrary, and without avoiding the election. This would be not because such was the intent of the legislature, but because it was the mandate of the Constitution. The case at bar, on the other hand, hinges on the interpretation of the legislative will.

It follows that if the limitation was beyond the power of the General Assembly, the defendant, under the appointment, as thus limited, has never been a *de jure* officer.

It is therefore unnecessary to determine whether the limitation was or was not authorized by the Constitution, as amended. If it was, the defendant's term expired on April 1st, 1905 : if it was not, his appointment was ineffectual from the first, should it be questioned in *quo warranto* proceedings.

The Superior Court is advised to render judgment for the State, and that the relator recover his costs. No costs in this court will be taxed for either party.

In this opinion the other judges concurred.