THE STATE OF DELAWARE, upon the relation of Percy Warren Green, Attorney-General, *v.* JOHN S. ISAACS.

(*February* 10, 1934.)

HARRINGTON, RODNEY and REINHARDT, J. J., sitting.

*Hugh M. Morris, John Biggs, Jr.,* and *Ralph S. Baker* for the State.

*James R. Morford* (of Marvel, Morford, Ward and Logan) and *Isaac D. Short, II,* for the respondent.

Superior Court for Sussex County, *Quo Warranto,* No. 2, October Term, 1933.

REINHARDT, J., delivering the opinion of the Court:

The information and the stipulations filed in this case disclose fully the contentions of the parties.

The question before the Court is, who is entitled to hold the office of Receiver of Taxes and County Treasurer for Sussex County?

John S. Isaacs claims to hold the said office by virtue of an appointment of the Governor made June 13, 1933, to fill a vacancy then existing in said office.

John B. Rogers claims to hold said office as a result of his election thereto at a general election held in Sussex County in the Fall of 1932 and because thereafter, to wit, on the 21st day of June, 1933, he gave surety bonds as required by law and thereby thereafter was qualified and entitled to hold said office.

The decision of this matter involves the question as to the constitutionality of the Act of the General Assembly approved April 2, 1931, and found in *Chapter* 106, *Volume* 37, *Laws of Delaware*. This act attempts to accomplish two objects:

First, to establish the first Tuesday in June, 1933, as the beginning of the four year term of said office;

Second, to extend the term of office of John S. Isaacs, the holder of said office when this Act was passed, from the first Tuesday in January, 1933, to the first Tuesday in June, 1933.

It is contended on behalf of the respondent Isaacs that this Act is in violation of *Article* 15, *Section* 4 of the *Constitution* which reads as follows:

"No law shall extend the term of any public officer or diminish his salary or emoluments after his election or appointment."

The respondent claims that by the provisions of the Act under which he was elected, his term of office was for four years from the first Tuesday in January, 1929, "or until his successor shall be duly qualified." He claims that the act now under consideration, by its express terms, extends his term of office to the first Tuesday in June, 1933, thereby increasing his four year term of office to four years and six months; that this is a direct violation of the provisions of the Constitution above set out; that by reason of this alleged violation, the entire act now under consideration must be held void.

With these contentions we cannot agree.

The office of Receiver of Taxes and County Treasurer for Sussex County is a public office created by Act of the General Assembly of this State (*Chapter* 82, *Volume* 28, *Laws of Delaware*). It is not a constitutional, but a statutory office, and the term of the office is, therefore, a statutory term and not, as contended by the respondent, a constitutional term.

The time when said term of office shall commence is fixed by the General Assembly and it may fix whatever time it may deem best. This distinction is well stated in the

case of *People v. Loeffler,* 175 *Ill.* 585, 51 *N. E.* 785, 791, where the Court say:

"Counsel for respondent fail to distinguish between offices created by the constitution and offices created by statute. * * * When an office is created by a statute, it is wholly within the control of the Legislature creating it. The length of term and mode of appointment may be altered at pleasure, and the office may be abolished and the compensation taken away from the incumbent, unless forbidden by the constitution."

See, also, 19 *Am. & Eng. Encyc. of Law, page* 416; *State v. Burris,* 4 *Penn.* 3, 49 *A.* 930.

▆▆ As before shown, the act under consideration may be divided into two parts, the object of one part is to change the date of the commencement of the term of office, and the object of the other part is to extend the term of office of Isaacs from January, 1933, to June, 1933.

Even if we should hold that the provision of the Act extending Isaacs' term of office to be a violation of the Constitutional provision and, therefore, void, does that require that the balance of the act be held void? We think not. Many authorities hold that a statute may be constitutional in part and unconstitutional in part. If the parts are independent of each other, that part which is constitutional may stand even though that part which is unconstitutional will fall. This rule applies even though two parts of the act are in the same section.

In *Dorchy v. Kansas,* 264 *U. S.* 286, 289, 290, 44 *S. Ct.* 323, 324, 68 *L. Ed.* 686, it was said:

"A statute bad in part is not necessarily void in its entirety. Provisions within the legislative power may stand if separable from the bad. *Berea College v. Kentucky,* 211 *U. S.* 45, 54-56; 29 *S. Ct.* 33, 53 *L. Ed.* 81; *Carey v. South Dakota,* 250 *U. S.* 118, 121, 39 *S. Ct.* 403, 63 *L. Ed.* 886. But a provision, inherently unobjectionable, cannot be deemed separable unless it appears both that, standing alone, legal effect can be given to it and that the Legislature intended the provision to stand, in case others included in the act and held bad should fall. * * * Whether *Section* 19 is so interwoven with the system held invalid that the section cannot stand alone, is a question of interpretation and of legislative intent."

In *Loeb v. Columbia Township Trustees*, 179 *U. S.* 472, 490, 21 *S. Ct.* 174, 181, 45 *L. Ed.* 280, the Supreme Court said:

"As one section of a statute may be repugnant to the Constitution without rendering the whole act void, so, one provision of a section may be invalid by reason of its not conforming to the Constitution, while all the other provisions may be subject to no constitutional infirmity. One part may stand, while another will fall, unless the two are so connected, or dependent on each other in subject-matter, meaning or purpose, that the good cannot remain without the bad. The point is not whether the parts are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance,—whether the provisions are so interdependent that one cannot operate without the other."

In *Beach v. Bradstreet,* 85 *Conn.* 344, 82 *A.* 1030, 1033, *Ann. Cas.* 1913*B*, 946, the Supreme Court of Connecticut said:

"If some part of this act were valid and other parts invalid because unconstitutional, it would be our duty to sustain the valid part, unless the parts were 'so mutually connected and dependent as to warrant a belief that the General Assembly intended them to stand or fall together as a whole.' *Branch, et al., v. Lewerenz*, 75 *Conn.* 319, 324, 53 *A.* 658, 660; *State ex rel. v. Dow*, 78 *Conn.* 53, 56, 60 *A.* 1063; *State v. Wheeler*, 25 *Conn.* 290."

There are many additional authorities which support the principle.

The evident main object of the Act under consideration was to effect a change in the time of the commencement of the term of office of Receiver of Taxes and County Treasurer for Sussex County.

The secondary object of the act was to prevent a vacancy in the office during the interim from the first Tuesday in January to the first Tuesday in June. But this latter contingency was fully provided for by the *Constitution, art.* 15, § 5, in regard to holding office until successors are appointed. It was also provided for by the very statute which created the office (*Section 3, c.* 82, *Vol.* 28, *Laws of Delaware*). It is clear that the main object of the act would

have been effectually accomplished without the incorporation therein of the secondary object concerning the extension of the term of office of Isaacs.

We are of the opinion that the two parts of this act are independent of each other; that the part of the act changing the time of commencement of the term of office is constitutional and valid and that its validity is not affected by the possible unconstitutionality of that part of the act relating to the extension of the term of office of Isaacs.

What is the effect of this conclusion?

■ The office of Receiver of Taxes and County Treasurer for Sussex County was created in 1915 by the provisions of *Chapter* 82, *Volume* 28, *Laws of Delaware*. *Section* 4 provides:

"Any Receiver of Taxes and County Treasurer, appointed or elected under the provisions of this Act, shall, before entering upon the duties of his office, give bond to the State of Delaware, with one or more sureties, to be approved by the Associate Judge of the Superior Court of the State of Delaware, resident in Sussex County, in the sum of Twenty-Five Thousand Dollars. * * *"

The amount of the surety bond was afterward increase to $50,000. *Section* 1, *Chap.* 77, *Volume* 32, *Laws of Delaware*. *Section* 1221 of the *Revised Code* of 1915 provides:

"If a person elected County Treasurer, in Kent or Sussex County, shall omit to give bond within sixty days from the commencement of his term of office, the President of the Levy Court shall immediately certify the fact to the Governor, who shall thereupon appoint another person in his place, who shall give Bond as hereinbefore required."

We think this section of the *Code* not inconsistent with the provisions of *Chapter* 82, *Volume* 28, *Laws of Delaware*, which created the office of Receiver of Taxes and County Treasurer aforesaid. By *Section* 36 of this act, *Section* 1221 of the *Revised Code* was expressly continued in force and made to apply to said office—hence a period

of sixty days, from the commencement of the term of said office is permitted by law, within which said official may qualify for said office by giving the surety bond required by the act.

The term of office under the act of April 2, 1931, to which Rogers was elected began on the first Tuesday in June, 1933. It is admitted by the stipulation filed in this cause that on June 21, 1933, Rogers did present to the Associate Judge of the Superior Court, resident in Sussex County, for the purpose of qualifying as such Receiver of Taxes and County Treasurer for Sussex County, two surety bonds in the total amount of $55,000 and requested of said Judge the approval of said bonds; the Judge refused to approve said bonds and such refusal continued until the 27th day of September, 1933, when said bonds were approved by the said Judge and filed as provided by law.

Thus within the time limited therefor and in accordance with the requirement of law, we think Rogers fulfilled every act within his power, to enable him to qualify for the office of Receiver of Taxes and County Treasurer, to which he had been lawfully elected in November, 1932. The fact that his surety bonds were not approved by the Resident Judge of Sussex County until September 27, 1933, that being a period of time greater than the sixty days period allowed by the statute in which to qualify, cannot be chargeable to any neglect of duty or default of Rogers. Under such circumstances, by the great weight of authority, it has been held that if a person elected to an office presents for approval an official bond in all respects as required by law, within the time fixed by statute and because of the failure of the approving power, such official bond is not approved until after the time limited, and is then approved and filed, as in this case, the same will be deemed a compliance with the provisions of the statute and the doctrine of relation is applicable, each subsequent act relating back

to the dominant one, to-wit: delivery for approval, and will be treated as having been done as of the time within which, in contemplation of law it should have been approved. *In re Fitzgerald*, 88 *App. Div.* 434, 82 *N. Y. S.* 811, 84 *N. Y. S.* 1125; *State v. Tool*, 4 *Ohio St.* 553; *Duffy v. State ex rel. Edson*, 60 *Neb.* 812, 84 *N. W.* 264, 266; *Dorian v. City of Paducah*, 136 *Ky.* 373, 124 *S. W.* 369; *State v. Dahl*, 65 *Wis.* 510, 27 *N. W.* 343. Under the above authorities we hold that John B. Rogers became duly qualified for the office of Receiver of Taxes and County Treasurer for Sussex County on June 21, 1933.

This office became vacant on June 9, 1933, by reason of the resignation of the respondent. On June 13, 1933, the respondent was appointed by the Governor to fill the vacancy. We are of the opinion that such appointment could not operate in such a way as to defeat the right of the relator Rogers to said office, provided he should qualify therefor within sixty days from the commencement of his term of office. Rogers did so qualify. Therefore, the appointment of respondent Isaacs to fill said vacancy could only be for such term as would expire upon the date when Rogers qualified and that was on June 21, 1933.

From this date, the relator, Rogers, was and is entitled to hold the office.

Let the judgment of ouster be entered.