MANUFACTURERS ASSOCIATION OF CONNECTICUT, INC.
*v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 105621

Memorandum filed August 30, 1956.

*Howard E. Hausman,* of New Britain, for the plaintiff.

*John J. Bracken,* attorney general, and *Harry Silverstone,* assistant attorney general, both of Hartford, for the named defendant.

*Robinson, Robinson & Cole,* of Hartford, for the defendant General Motors Corporation.

*Margaret C. Driscoll,* of Bridgeport, for the defendants Local 626 and Local 987, U.A.W.—C.I.O.

COTTER, J. This is an action brought by the plaintiff as a taxpayer seeking a declaratory judgment to determine the correctness of the interpretation by the administrator of the Unemployment Compensation Act that unemployment benefits from the unemployment compensation fund should be paid to individuals who are receiving supplemental unemployment benefits under an agreement between General Motors Corporation and International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, C.I.O., called the General Motors Plan. Under the plan, workers are paid by General Motors weekly amounts suffi-

cient to bring their total benefits, including state unemployment compensation benefits, up to 65 per cent of take-home pay for the first four weeks, and 60 per cent thereafter, with maximum supplemental benefits of $25 per week. The complaint raises the question whether the supplemental benefits under the plan constitute "payment[s] by way of compensation for loss of wages" within the meaning of § 7508 of the General Statutes as amended by § 3074d of the 1955 Cumulative Supplement, which provides that "[a]n individual shall be ineligible for benefits... (4) during any week with respect to which the individual has received or is about to receive remuneration in the form of (a) wages in lieu of notice or dismissal payments or any payment by way of compensation for loss of wages." The complaint also asks an injunction restraining the defendant administrator from making such payments. In addition to the administrator, General Motors Corporation and the two local unions representing the employees at its Connecticut plants have been made defendants.

The administrator of the Unemployment Compensation Act, it is alleged, "is preparing and threatening" to determine that the supplemental unemployment benefit is not "payment by way of compensation for loss of wages" under the statute and will pay unemployment compensation benefits to such eligible recipients.

The defendant administrator filed a motion to erase for want of jurisdiction. The defendants Local 626 and Local 987 filed a plea in abatement and to the jurisdiction. The plaintiff demurred to the latter plea.

Under the Unemployment Compensation Act, the administrator determines the payment of benefits. An appeal is provided from his action to an unemployment commissioner, who hears the matter de

novo. Thereafter, an appeal is provided to the Superior Court. The administrator likewise collects the contribution from the employer. And if an employer disputes his liability, the administrator may make an assessment from which he may appeal to the Superior Court.

Ordinarily, a plaintiff may not resort to the courts for relief until the administrative remedies provided by the unemployment compensation statute have been invoked and exhausted. A litigant, usually, should first seek the administrative review and exhaust the procedure outlined in the statute before the courts will intervene. § 7520. *McNish* v. *American Brass Co.*, 139 Conn. 44, 53; *Seiz* v. *Citizens Pure Ice Co.*, 207 Minn. 277, 283, cited in *McGee* v. *Dunnigan*, 138 Conn. 263, 268. No facts are alleged which indicate the plaintiff has a right of appeal under the statute.

In this case, however, the plaintiff argues both orally and in its brief that the present action is a taxpayer's suit. The theory upon which taxpayers are permitted to maintain suits to enjoin the expenditure of a fund is that they have an interest in the fund by virtue of their tax payments, as contributions to that fund, which right will be adversely affected by unlawful use of the funds. "As taxpayers, they maintain an action such as this only if an improper award . . . would result directly or indirectly in an increase in taxes or would in some other fashion cause them irreparable injury. *Bassett* v. *Desmond*, 140 Conn. 426, 430, 101 A.2d 294; *Cassidy* v. *Waterbury*, 130 Conn. 237, 245, 33 A.2d 142." *Austin* v. *Housing Authority*, 143 Conn. 338, 349.

The validity of the act is not in question. The unemployment compensation fund is not derived from general taxes. The primary object of the act was to relieve "against the distress of unemployment" and

"the imposition of the tax upon employers is incidental." *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 220. As a general taxpayer, the plaintiff does not have the requisite standing to bring suit. Any interest of the present plaintiff is too remote, speculative and uncertain to maintain a taxpayer's action. Such an action is usually brought as against town officers and in situations where there is a question of an official's legal power to act in a given case. *Crampton* v. *Zabriskie,* 101 U.S. 601, 609. The action in such a case is based upon the taxpayer's equitable interest in the public fund and his liability to replenish the public treasury in the event of a misapplication of funds. 52 Am. Jur. 4; 17 A.L.R.2d 480. The plaintiff does not have such an interest in the instant proceeding. *Barco Mfg. Co.* v. *Wright,* No. 1762/56 Chan., Cir. Ct., Sangamon County, Ill. (June, 1956).

An action for declaratory judgment may not be maintained, since the plaintiff has no right, power, privilege or immunity to be determined, as required by § 276 of the Practice Book. "An action for a declaratory judgment, valuable as it has become in modern practice, is not a procedural panacea for use on all occasions." *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158. Under the act, the plaintiff does not have a direct interest in the granting of benefits and so has no right of appeal. The agreement concerned is in effect between General Motors and some 6000 employees who are members of the defendants' Local No. 626 and Local No. 987. These persons are not employees of the plaintiff. There is no uncertainty between the plaintiff and the administrator and no right, privilege, power or immunity which the plaintiff has under the act which needs clarification. If there is no controversy involved and the judgment of the court is merely advisory, it must be refused. "No Connecticut case has been found . . . supporting

the thesis that a taxpayer can seek to have a statute construed where the effect of that construction does not affect his personal rights." *McGee* v. *Dunnigan,* 138 Conn. 263, 266; *Winchester Repeating Arms* v. *Radcliffe,* 134 Conn. 164, 168; 16 Am. Jur. 322.

The motion to erase is the proper method to attack jurisdiction. The plea in abatement has included with it a plea to the jurisdiction. Both methods have been approved. *Felletter* v. *Thompson,* 133 Conn. 277, 279, 280.

For the foregoing reasons the motion to erase for want of jurisdiction and the plea in abatement and to the jurisdiction are granted. The plaintiff's demurrer is overruled.