CROSSROADS DEVELOPMENT, INC. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF THOMASTON ET AL.
(13471)

PETERS, C. J., HEALEY, SHEA, COVELLO and HULL, Js.

Argued November 4, 1988—decision released February 7, 1989

1

*Lawrence R. Pellett,* for the appellant (plaintiff).

*E. Seward Stevens,* with whom, on the brief, were *Michael D. Rybak* and *R. Christopher Blake,* for the appellees (defendants).

HULL, J. The sole issue in this case is whether the trial court erred in dismissing the plaintiff's appeal from a decision of the defendant planning and zoning commission of the town of Thomaston on the ground that the copies of the complaint and other documents served on the commission and the town pursuant to General Statutes § 8-28 were unsigned, whereas the original appeal bond, summons and complaint filed in court were signed. We conclude that the court construed too narrowly the requirement in § 8-28 that notice of such an appeal be given by "leaving a true and attested copy thereof" with the necessary parties, and that service of unsigned copies of the appeal papers was sufficient process. We, therefore, find error.

The facts are not in dispute. The original appeal bond was signed for Crossroads Development, Inc., by George Touponse, its vice president as principal, and by George Touponse as surety. The words "Crossroads Development, Inc.," are typed. Below this is the typed word "By" followed by "George Touponse" written over a line, under which is written "Its Vice President Principal." George Touponse's signature appears over a second line with his name typed under it, with the written word "Surety" to the right of the typed name. The original summons is signed as follows:

> "THE PLAINTIFF
> BY [Signature of <u>Robert L. Chase</u>]
> Robert L. Chase, for
> Feeley, Nichols, Chase & McDermott, P.C.
> Its Attorneys"

The original complaint is signed as follows:
"THE PLAINTIFF
BY [Signature of Robert L. Chase]
Robert L. Chase
Its Attorney"

None of the copies of the appeal bond, summons and complaint served on the commission and the town was signed by the plaintiff or its attorney, nor did any of them contain any of the handwritten notations described on the original documents above.

The copies served on the defendants bore the following notation: "A True Copy Attest 2/2/1988 Eugene F. Torrence Deputy Sheriff Litchfield County." The sheriff's return also stated that a "true and attested copy" of the original pleadings was served on each defendant. Thus, the copies served on the defendants were not duplicate copies of the original documents filed in court. The defendants moved to dismiss the appeal because of (1) lack of subject matter jurisdiction pursuant to Practice Book § 145, and (2) insufficiency of process pursuant to Practice Book § 143. The Superior Court granted the motion to dismiss by memorandum of decision dated April 20, 1988. The court concluded that since the pleadings served upon the defendants failed to conform to the original pleadings, they were not "true and attested copies." It held that the failure to serve the defendants with true and attested copies of the original pleadings, as required by General Statutes § 8-28, constituted insufficient process. The Appellate Court granted the plaintiff certification to appeal from the court's judgment, and the case was then transferred to this court pursuant to Practice Book § 4023.

The plaintiff has raised the single issue of whether the court erred in granting the defendants' motion to dismiss because the original pleadings were signed and the copies served on the defendants were unsigned. The

defendants agree with the plaintiff's statement of the issue, but add a second issue as to whether the trial court should have granted the defendants' motion to dismiss for lack of subject matter jurisdiction rather than insufficiency of process. The defendants did not file a preliminary statement of issues presenting for review alternate grounds upon which the judgment may be affirmed pursuant to Practice Book § 4013 (a) (1), nor did they identify this claim in their brief as such a claim. We need not, however, consider the absence of a § 4013 (a) (1) statement by the defendants since we conclude that the subject matter jurisdiction claim stands or falls with the issue of insufficiency of process on which it is based. We therefore confine our consideration to this single narrow issue.

*Lorch* v. *Page,* 97 Conn. 66, 115 A. 681 (1921), is dispositive of this case. *Lorch* involved a writ of error to reverse a judgment of a justice of the peace in an action of summary process in favor of the landlord. The trial court reversed the judgment of the justice of the peace and the landlord appealed from this judgment of reversal. The defendant tenants claimed that the only notice left with them was a document which by the sheriff's return thereon purported to be a "true and attested copy of the original notice," but was not a duplicate of the original notice. Id., 67. In upholding the trial court's judgment, we made a detailed historical analysis of the statutes concerning notice to quit in summary process actions. We stated that " '[d]uplicate' as applied to any form of written instrument, has a determined and unvarying meaning. Burrill's definition has been frequently approved and quoted by the courts of this country. 'That which is double, or twice made; an original instrument repeated. A document which is the same as another, in all essential particulars. . . . Sometimes defined to be the *copy* of a thing; but, though generally a copy, a duplicate differs from a mere copy, in

having all the validity of an original.' 1 Burrill's Law Dictionary (Ed. 1859) p. 526. Bouvier's Law Dictionary (Vol. 1, Rawle's 3d Rev.) p. 958, defines it as: 'The double of anything. A document which is essentially the same as some other instrument. . . . ' " (Emphasis in original.) Id., 69–70. We noted further that "a copy can never be a duplicate copy. Nor can a 'true copy' or a 'certified copy' be a duplicate copy." Id., 71. Finally, we said: "These authorities conclusively determine that when our statute says 'duplicate copies of such notice,' it means two copies, the original notice and a copy which repeated the original notice and had the validity of the original. *They likewise determine that no mere copy and no true or certified copy can be a duplicate copy.*" (Emphasis added.) Id., 72.

*Lorch* leads to the inescapable conclusion that under our practice a "true and attested copy" of an original court document does not have to be a duplicate copy, i.e., a copy exact in every respect to the original. The extent to which any nonconformity of a copy, compared to the original, shall be deemed inadequate service, where a claim of prejudice to the defendant is made, is not before us. Accordingly, we conclude that the service of process was adequate in this case.

Strong support for this conclusion is found in actual practice in Connecticut. We take judicial notice of the fact that copies of summonses and complaints served in civil actions in Connecticut invariably have not been signed duplicates of the originals. At most, they have contained an "S/" over the line below which the name of the person involved is typed, or an "S/" followed by the typed name of that person over the line below which the typed name is also contained. We also note that Practice Book § 121 (a) states that "[i]t is the responsibility of counsel filing the same to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint . . . . " We

again take judicial notice that copies of pleadings served on opposing counsel do not ordinarily contain signatures of the attorney serving such papers. The "practical construction placed upon 'duplicate copies' for over one hundred years, is high, almost conclusive, evidence that their meaning conforms and should conform to that adopted by the practice. It shows a 'practical construction' put upon the law, which is to be regarded as 'high evidence of what the law is.' *State ex rel. Mathewson* v. *Dow*, 78 Conn. 53, 56, 60 Atl. 1063 [1905]; *Huntington* v. *Birch*, 12 Conn. 142, 149 [1837]." *Lorch* v. *Page*, supra, 75.

There is error, the judgment dismissing the appeal is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.