[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS COUNTERCLAIM (#119)
The issue for consideration by the court is whether the defendant's counterclaim should be dismissed because the defendant, as a business proprietor, lacks standing to invoke the protection of 15 U.S.C. § 1692e(8), the Federal Fair Debt Collection Practices Act ("FDCPA").
The court concludes that the defendant lacks standing to bring the counterclaim for two reasons: (1) that he has failed to allege facts evidencing that the debt sued on was within the statute, which applies only to obligations incurred for "personal, family or household purposes". On the contrary, the counterclaim alleges that the plaintiff's actions forced "said business to liquidate its assets and cease operations. . .;" (2) the plaintiff, collecting a debt owed to it, and its attorneys, are each exempt from the FDCPA. 15 U.S.C. § 1692a(6)(a) and (6) (F).
The pro se defendant in his "Objection to Motion to Dismiss Counterclaim," asserts as an alternate statutory basis for his counterclaim, Connecticut General Statutes 36-243b: "Prohibited acts. No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."
Section 36-243a defines "debt" as "an obligation owed by a CT Page 4648 consumer debtor to a creditor" and "consumer debtor" as "any natural person to whom credit for personal family or household purposes has been extended." Thus the defendant lacks standing under the Connecticut statute because the debt was not incurred for "personal, family or household" use.
The plaintiff, Claar Brothers, Inc., is a corporation doing business in New York. The defendant, Baltayan, is a resident of Connecticut. The complaint alleges that the defendant purchased goods from the plaintiff in the amount of $10,680.05, which amount he has refused to pay.
The defendant's counterclaim alleges that the plaintiff's debt collection efforts have caused him to cease business operations and have otherwise violated 15 U.S.C. § 1692e(8), the Federal Fair Debt Collection Practices Act ("FDCPA").
The plaintiff has moved to dismiss the counterclaim, arguing that the defendant, who purchased the goods for business purposes, has no standing to invoke the FDCPA, and further that the plaintiff and its attorneys are specifically exempt from the federal statute.
A motion to dismiss is the proper vehicle to assert the court's lack of jurisdiction over the subject matter. Connecticut Practice Book 143 (Rev'd to 1978, updated to October 1, 1990); Miller v. United Technologies, Inc., 40 Conn. Sup. 451,453 (1986). Where a claimant lacks standing to bring a claim, subject matter jurisdiction is lacking. Reitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196, 199
(1984). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . a legal or equitable right. . . ." Christ Janer v. A.F. Conte Co., 8 Conn. App. 83, 89 (1986). A party claiming the protection of a federal statute bears the burden of demonstrating that he has standing under the statute, where the record gives the court reason to question subject-matter jurisdiction. Connecticut Practice Book 145; Baldwin Piano 
Organ Co. v. Blake, 186 Conn. 295, 297 (1982).
The defendant in his counterclaim has invoked the provisions of the Federal Fair Debt Collection Practices Act,15 U.S.C. § 1692a et seq. His standing to invoke the Act is dependent on his qualifying under the definitions applicable to the statute. Said definitions are found in 1692a, the relevant excerpts of which are as follows:
1692a. Definitions
As used in this subchapter — CT Page 4649
 (5) The term "debt" means any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
 (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (G) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include
 (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
 (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; CT Page 4650
 (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
 (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
 (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditor;
 (F) any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client; and
 (G) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;
 (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.
Said definitions demonstrate, the party making this statute the basis of a claim must owe a debt for "personal, family or household purposes" and the debt collector against whom the statute is invoked must be in the business of debt CT Page 4651 collection acting to collect the debts of another. Such debt collections do not include the employees or officers of the creditor itself, (See Subsec. A.) nor the attorneys for such a creditor. (See Subsec. F.) The allegations in the counterclaim do not suffice to establish standing: the counterclaim alleges that the transaction involved his business enterprise (counterclaim p. 1), and the plaintiff has explicitly alleged that the debt is its own (complaint para. 1).
A claim under the FDCPA is subject to dismissal where the debt is purely business related. Bank of Boston International v. Arguello Tefel, 644 F. Sup. 1423, 1430 (E.D.N.Y. 1986) It is the burden of the part invoking the FDCPA to provide evidence that the purposes of the debt were personal rather than business related. Mendez v. Apple Bank for Savings, 541 N.Y.S.2d 920,923-24, 143 Misc.2d 915 (1989). Here the defendant has misconstrued the allocation of burden, and purports to "leave the plaintiffs to their proof." (Objection to Motion to Dismiss Co Counterclaim p. 3 ) An analysis of Connecticut General Statutes 36-243b leads to the same result. Sections 36-243a and 36-243b state:
 Sec. 36-243a. Definitions. As used in this chapter:
 (a) "Person" includes individuals, partnership, associations and corporations.
 (b) "Creditor" means any person who in the ordinary course of business extends credit to a consumer debtor residing in this state.
 (c) "Commissioner" means the commissioner of banking of the state.
 (d) "Credit" means the right granted by a creditor to a consumer debtor to defer payment of a debt, incur debt and defer its payment or purchase property or services and defer payment therefor.
 (e) "Consumer debtor" or "debtor" means any natural person to whom credit for personal, family or household purposes has been extended.
 (f) "Debt" means an obligation owed by a consumer debtor to a creditor.
Sec. 36-243b. Prohibited acts. No creditor CT Page 4652 shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.
The Connecticut statute is asserted as an alternate (or supplementary) basis for standing by the defendant. The record does not furnish support for defendant's standing to bring the counterclaim under the FDCPA or, in the alternative, under Connecticut General Statutes 36-243b.
The defendant has further objected to the motion to dismiss by reiterating a claim made in earlier filings that the failure of the plaintiff to send the defendant signed copies of the pleadings is in some way "harassment" or otherwise legally deficient. This objection is without merit. See, e.g., Crossroads Development, Inc. v. Planning Zoning Commission,210 Conn. 1, 2 (1989) (unsigned copies of pleadings are legally sufficient).
Motion to Dismiss Counterclaim is granted.
JOHN C. FLANAGAN, JUDGE