[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
The plaintiff, Patrick Greene brings this action against the defendant, Raymond Bouchez, by complaint filed on January 8, 1991 for damages pursuant to Conn. Gen. Stat. 30-102, the Dram Shop Act. In the complaint, the plaintiff alleges that on August 23, 1990 at approximately 12:45 a.m. he was a passenger on a motorcycle operated by William Wainman traveling upon Pratt Street in Winsted, Connecticut. At that time and place, Wainman lost control of the motorcycle. The plaintiff claims that on that date and prior to the collision, the defendant as permittee and backer of Billy Ray's Cafe sold liquor to an intoxicated William Wainman. Notice of intention to institute suit under the Dram Shop Act is attached to the complaint.
The defendant moves to dismiss the complaint for lack of subject matter jurisdiction on the following grounds: (1) the civil summons served on the defendant does not comply with General Statutes 52-45a; (2) the notice to the intention to institute suit, pursuant to Conn. Gen. Stat.30-102, is defective.
A motion to dismiss may be used to assert the court's lack of subject matter jurisdiction. Conn. Practice Bk. 143. "A court has subject matter jurisdiction if it has authority to adjudicate a particular type of legal controversy." Castro v. Vieriera, 207 Conn. 420, 427 (1988).
Except in the special circumstances of administrative appeals, defects in process do not deprive the court of subject matter jurisdiction but implicate jurisdiction over the person. Bridgeport v. Debek,210 Conn. 175, 179-180 (1989). Moreover, the service of an unsigned copy of the complaint is adequate since a true and attested copy of an original court document does not have to be a duplicate copy, i.e., a copy exact in every respect to the original. Crossroads Development, Inc. v. Planning 
Zoning Commission, 210 Conn. 1, 5 (1989). CT Page 3171
The defendant's arguments in support of the motion to dismiss implicates personal rather than subject matter jurisdiction. While jurisdiction over the person is a question properly raised by a motion to dismiss, Conn. Practice Bk. 144, it must be filed within thirty days of the filing of an appearance. Conn. Practice Bk. 142, otherwise it is considered waived if not raised timely. Conn. Practice Bk. 144.
The defendant's appearance was filed on January 14, 1991. The defendant's motion to dismiss was filed on March 20, 1991. Accordingly, defendant's motion to dismiss was untimely and therefore the motion to dismiss is denied.
SUSCO, J.