[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 30, 1994, the plaintiff, Frank X. LoSacco, filed a two count complaint against twenty named defendants, including the City of Middletown, city officials, and certain law firms and attorneys. In said complaint, the plaintiff alleges, inter alia, that attorneys' fees allegedly incurred in a separate federal action were, and continue to be, improperly paid by the City of Middletown. On October 11, 1994, the defendant, Austin Carey, Jr. ["Carey"], filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof. On October 12, 1994, the defendants, Siegel, O'Connor, Schiff, Zangari Kainen, P.C. and Siegel, O'Connor, Schiff Zangari, P.C. ["Siegel, O'Connor"], filed a joint motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof. On October 18, 1994, the CT Page 11473 defendants, Thomas J. Serra, James Reynolds, Trina Solecki, Nancy Conaway-Raczka, John Robinson, Joseph E. Milardo, Gerald Daley, Stephen Shapiro, Stephen Gionfriddo, Sebastiano Timbro, Janet Brooks, Peter Patton, Paul Szewczyk, and the City of Middletown ["City City Officials"], filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof. On October 20, 1994, the defendant, Raczka Shaw ["Raczka 
Shaw"], filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof. On October 26, 1994, Carey filed a supplemental memorandum of law in support of his motion to dismiss, and copies of the writ of summons and first page of the complaint allegedly served on him in this action. On this same date, the plaintiff filed objections, and respective memorandums of law in support thereof, to the motions to dismiss filed by Carey and Siegel, O'Connor. On November 2, 1994, the plaintiff filed objections, and respective memorandums of law in support thereof, to the motions to dismiss filed by City City Officials, and Raczka Shaw.
A motion to dismiss is used to assert jurisdictional flaws that appear on the record, or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record.Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306,635 A.2d 843 (1993). A motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 143. "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509, 512 (1985).
Standing to claim a cause of action is a proper ground for a motion to dismiss, because "[s]tanding goes to the court's subject matter jurisdiction." Reitzer v. Board of Trustees of StateColleges, 2 Conn. App. 196, 201, 477 A.2d 129 (1984). A claim of prior pending action between the same parties may also be raised in a motion to dismiss. Conti v. Murray, 23 Conn. App. 174, 177,579 A.2d 576 (1990); see Halpern v. Board of Education, 196 Conn. 647,652 n. 4, 495 A.2d 264 (1985).
I. Insufficiency of Process
Carey and Raczka Shaw argue that the plaintiff's complaint CT Page 11474 should be dismissed, due to insufficiency of process, because: (1) the return date stated in the complaint is well over two months after the date of process, in violation of General Statutes § 52-48; (2) the complaint was not signed by the plaintiff and the writ of summons was not signed by the clerk of court, in violation of General Statutes § 52-45a and Practice Book § 49; (3) the plaintiff filed with the court photocopies of the documents filed in an earlier, subsequently withdrawn action against the defendants; and (4) the documents served on Carey and Raczka Shaw in this action are not copies of the original process returned to and filed with the court by the plaintiff, in violation of Practice Book § 49. In response, the plaintiff argues that the writ of summons and complaint on file with the court in this action conform to the rules of court, and neither of the defendants have made any claim of prejudice in this action.
The writ of summons and complaint on file with the court in this action do conform, on their faces, to all applicable rules of court. It is not clear, however, whether an exact duplicate copy of this original process was served on Carey and Raczka Shaw. Nonetheless, because Carey has conceded that he has not been prejudiced in any way by the process utilized in this matter, Evidentiary Hearing, October 31, 1994, Testimony of Austin Carey, Jr., and because Raczka Shaw has not asserted that it has been prejudiced in any way, the court declines to dismiss the plaintiff's complaint on this ground. See Crossroads DevelopmentInc. v. Planning Zoning Commission, 210 Conn. 1, 5, 553 A.2d 609
(1989).[1]
II. Prior Pending Action Doctrine
Carey, Raczka Shaw, and City City Officials have moved to dismiss the plaintiff's complaint on the ground that there is a prior pending action, in the United States District Court for the District of Connecticut, involving the same issue raised in the complaint.
 Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal. When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. To determine the applicability of the doctrine, [the court] must examine the pleadings to ascertain whether the actions are virtually alike. CT Page 11475 The prior pending action doctrine . . . has evolved as a rule of justice and equity and not as a principle of absolute law.
(Citations omitted; emphasis added.) Gaudio v. Gaudio,23 Conn. App. 287, 295-97, 580 A.2d 1212 (1990). In the present case, neither the plaintiff nor Carey is a party to the action currently pending in federal court. Similarly, Raczka Shaw is not a party to the cross-claim against the City of Middletown, which was filed by Peter Patton and Janet Brooks in the pending federal action. Finally, out of all the city officials involved in the federal action, only Peter Patton and Janet Brooks appear to have an interest in whether or not their attorneys' fees in that action were properly paid in the past, and will continue to be paid in the future, by the City of Middletown. Additionally, according to the plaintiff, the federal action — South Farms of Middletown, Inc. v.City of Middletown — is composed primarily of issues involving zoning and environmental matters, while the present action was brought only to challenge payments made by the City of Middletown, through its officials and agents, to certain attorneys and law firms. Carey, Raczka Shaw, and City City Officials have submitted insufficient evidence to refute this statement. Thus, based on the record before it, the court concludes that the prior pending suit and the current action are not between the same parties, and the two suits were not brought to obtain the same end. Moreover, Carey, Raczka Shaw, and City City Officials have failed to convince the court that justice and equity require that the present action be dismissed. Accordingly, the court declines to dismiss the plaintiff's complaint on this ground as well.
III. In Personam Jurisdiction
Siegel, O'Connor argues that the plaintiff's complaint should be dismissed, on the ground that the court lacks in personam jurisdiction over them, because although they constitute a corporation, the plaintiff failed to serve them in accordance with General Statutes § 52-57(c), the statute governing service upon private corporations. In response, the plaintiff argues that Siegel, O'Connor has failed to provide the court with an affidavit or document establishing that they are indeed a corporation. Additionally, the plaintiff argues that service was made upon Siegel, O'Connor in a manner specifically authorized by General Statutes § 52-57(c).
General Statutes provides, in pertinent part, that: CT Page 11476
 In actions against a private corporation, service of process shall be made . . . upon any person who is at the time of service in charge of the office . . . .
The plaintiff has demonstrated that Siegel, O'Connor was served, at their offices, by an indifferent person who handed a copy of the writ of summons and complaint to Paulette Perkins, an employee of Siegel, O'Connor. Evidentiary Hearing, October 31, 1994, Testimony of Juanita Martin. At the time of service, Ms. Perkins was sitting at the reception desk of the law firm, where — in the past — she had accepted papers and documents, had examined such papers and documents, and had directed such papers and documents to the appropriate members of the law firm. Evidentiary Hearing, October 31, 1994, Testimony of Paulette Perkins. The court finds, based on the evidence and testimony before it, that service was made upon an individual "in charge" of the offices of Siegel, O'Connor, in accordance with General Statutes § 52-57(c). Thus, even were the court to assume that Siegel, O'Connor is in fact a corporation — which it declines to do without appropriate documentation — the court would still refuse to dismiss the plaintiff's complaint on this ground.
IV. Subject Matter Jurisdiction
Finally, Carey, Siegel, O'Connor, and Raczka Shaw argue that the plaintiff's complaint should be dismissed, on the ground that the court lacks subject matter jurisdiction over the present action, because the plaintiff lacks standing to bring this suit. Specifically, the defendants argue that although a taxpayer may have the legal capacity to maintain an action to enjoin the wrongful expenditures of public funds, and/or may have the legal capacity to compel the reimbursement of public funds unlawfully diverted from the public treasury, "to entitle a taxpayer to maintain an action for the recovery of money for the use and benefit of a municipal corporation, it must appear that the corporation could have maintained the action in the first instance." In response, the plaintiff argues that "such suits may be brought against the public officers or against third persons who have received such funds."
The concept of standing involves the legal right of an individual to seek relief via the judicial system. Sadloski v.Manchester, 228 Conn. 79, 84, 634 A.2d 888 (1993). "When standing is put in issue, the question is whether the person whose standing CT Page 11477 is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." (Citation omitted; internal quotation marks omitted.) Berlin v. Santaguida,181 Conn. 421, 423-24, 435 A.2d 980 (1980).
 Standing is neither a technical rule designed to frustrate aggrieved parties nor a test of substantive rights. Instead, the requirement that a party have standing ensures that courts and parties are not hindered by suits brought to vindicate nonjusticiable interests, and protects the rights of others from being affected by precedential judicial decisions that do not involve the individuals or entities with the most at stake and may not have been contested with the appropriate diligence and vigor.
(Citations omitted.) Third Taxing District v. Lyons,35 Conn. App. 795, 798, ___ A.2d ___ (1994). "These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Maloneyv. Pac, 183 Conn. 313, 321, 439 A.2d 349 (1981). See alsoThird Taxing District v. Lyons, supra, 35 Conn. App. 798.
Connecticut courts have "long recognized the capacity of taxpayers of towns and cities to challenge the legality of the actions of their municipal officers by seeking injunctive relief against such action." (Citations omitted.) Highgate CondominiumAssn. v. Watertown Fire District, 210 Conn. 6, 15, 553 A.2d 1126
(1989), quoting Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 548, 427 A.2d 822 (1980). "The theory upon which taxpayers are permitted to maintain suits to enjoin the expenditure of a fund is that they have an interest in the fund by virtue of their tax payments, as contributions to that fund, which right will be adversely affected by unlawful use of the funds." (Citations omitted; internal quotation marks omitted.) ManufacturersAssn. of Connecticut, Inc. v. Administrator, 20 Conn. Sup. 108,111 (Super.Ct. 1956). Indeed, the court has acknowledged that "[a] municipal taxpayer is an equitable owner of municipal funds, while the officers of the municipal corporation are the trustees in the management and application of them." (Citations omitted.)Arminio v. Butler, 183 Conn. 211, 223, 440 A.2d 757 (1981). CT Page 11478
Supreme court cases in this area, however, "have required two conditions for the maintenance of actions seeking to challenge municipal conduct: (1) the plaintiff must be a taxpayer of the defendant municipal entity; and (2) the plaintiff must allege and demonstrate that the allegedly improper municipal conduct causes him to suffer some pecuniary or other great injury." (Citations omitted; internal quotation marks omitted.) Highgate CondominiumAssn. v. Watertown Fire District, supra, 210 Conn. 15 (1989). See also Bassett v. Desmond, 140 Conn. 426, 430, 101 A.2d 294
(1953) (plaintiff must qualify as a taxpayer, and must further establish that the alleged illegal act would result in an increase in his taxes or would, in some other fashion, cause him irreparable injury).
In the present case, the plaintiff has alleged in his complaint that he is a "taxpayer citizen," and that the "illegal and unauthorized actions" of the defendants have caused him and will continue to cause him "irreparable injury due to a probable increase in his tax burden and a decrease in the local general tax fund . . . ." Accordingly, the plaintiff clearly has standing to bring the within action against the municipal officers he has named in the complaint.
Moreover, the plaintiff has standing to bring the within action against Carey, Siegel, O'Connor, and Raczka Shaw as well. "[I]n the absence of statutory provisions to the contrary, [courts] have generally upheld the right of a taxpayer to enforce a cause of action belonging to a municipal corporation . . . where the public officials wrongfully neglect or refuse to perform their duties with respect thereto." 74 Am.Jur.2d § 26 at 231-32, and cases cited therein. Thus, "a taxpayer can maintain an action to compel the restoration of funds which have been unlawfully extracted or diverted from the public treasury . . .," and "[s]uch action may be brought against the public officers concerned, or against third persons involved." Id., 232-33, and cases cited therein.
In the present case, the plaintiff has alleged that the actions of the defendants "constituted gross abuse and fraud, dishonesty, corruption, illegality, arbitrariness, improper motives or influences, plain disregard of duty, waste of public funds, unlawful expenditures, gross abuse of power, gross abuse of discretion and abuse of public trust tainted by collusion, personal gain and bad faith." Additionally, the plaintiff has alleged that despite the fact that the defendants Carey, Siegel, O'Connor, and Raczka Shaw had notice — prior to receiving certain payments from CT Page 11479 the City of Middletown — that their legal fees would no longer be paid by the City of Middletown, they continued to improperly accept said payments. Accepting the plaintiff's allegations as true, this court is unable to conclude, based on the record before it, that the City of Middletown has no cause of action against the defendants.
Moreover, the defendants have failed to provide this court with any Connecticut authority that requires this case be dismissed, as against them, under the circumstances as set forth above. Accordingly, the court declines to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction over the present matter.
Stanley, J.